Fordyce x. McCants.

---

FORDYCE V. MCCANTS.

1. EVIDENCE: *Hearsay: Res gestae.*

In an action against a railway company brought to recover damages for killing the plaintiff's intestate, the court permitted a physician to testify to the contents of a telegram sent him by the plaintiff, stating that there had been an accident on the defendant's road and that the deceased had been seriously injured and required the witness's attention. The same witness was also allowed to testify that after driving twelve or thirteen miles, he arrived at the home of the plaintiff to which the deceased had been carried, and that after his arrival the deceased stated to him that he had been thrown heavily across the corner of a seat and had thus received an

Fordyee v. McCants.

injury from which the witness found him suffering.  *Held:* That the contents of the telegram were hearsay and the statements of the deceased were not part of the *res gestae*.  It was therefore error to admit them.

2.  PRACTICE IN SUPREME COURT:  *Admission of incompetent evidence: Reversible error.*

Where it is manifest that the appellant was prejudiced by the admission over his objection, of incompetent testimony, a verdict against him which has only slight support from other proof, will not be sustained by the supreme court.

3.  DAMAGES:  *To father from death of son:  Measure of.*

In an action against a railway company to recover for the benefit of a father, damages for the killing of his son, where it is shown that the latter's expectancy of life exceeds that of his father, an instruction to the jury that the measure of damages is the probable earnings of the son during his expectancy of life, less his expenses, etc., is erroneous, since it permits the father to recover as a pecuniary loss to himself, accumulations of the son for a period after he (the father) is presumed to have died.

4.  SAME:  *Same.*

In an action against a railroad company [under secs. 5223, 5226 Mansf. Dig.,] to recover the damages resulting to a father from the killing of his son, who was of age but unmarried, substantial damages can be recovered only by showing that deceased gave assistance to his father, contributed money to his support, or that the father had reasonable expectation of pecuniary benefit from the continued life of his son—the reasonable character of such expectation to appear from the facts in proof.  In the absence of such proof only nominal damages can be recovered.

APPEAL from *Monroe* Circuit Court.

M. T. SANDERS, Judge.

*J. C. Hawthorne,* for appellant.

1.  The testimony of Dr. Youmans as to contents of telegram was hearsay, and as to statements made by deceased not part of the *res gestae,* and inadmissable.   9 N. E. Rep., 505;  42 Ill., 438;  95 N. Y., 774;  3 Conn., 250;  7 Cush., 586;  9 Cush., 41;  43 Ark., 102;  101 N. Y., 126;  48 Ark., 333.   They were not dying declarations.   48 Ill., 475;  6 Brad., (Ill.) 569;  Pierce on R. R., p. 400;  2 Ark., 246;  97 Ill., 101;  24 Kan., 89.

Fordyce v. McCants.

2. McCants was not competent to testify as to the probable future value of decedent's services.  33 Ark., 350.

3. Tables of mortality must speak for themselves.  21 N. W. Rep., 711.

4. The court erred in its instructions as to the measure of damages.  They should be *compensation* only.  Mansf. Dig., sec. 5226.  Where no pecuniary injury is shown, nominal damages only are recoverable.  Patterson Ry. Acc. Law, p. 482, sec. 400; 43 Ill., 338; 45 Id., 197; 52 Ill., 290; 75 Ill., 468; 33 Kan., 543; 21 A. & E. Ry. Cases, 418; 51 Wis., 599.  See also Patterson Ry. Acc. Law, p. 490, sec. 404; 55 Penn. St., 499; Pierce R. R., (1881 ed.) p. 399; 28 Minn., 103; 30 Id., 126; 32 Id., 518.  There must be reasonable expectation of a pecuniary benefit.  *Supra*.

5. The damages are excessive.  Opinions are of no great value.  33 Ark., 350.  See following cases: 21 A. & E. R. Cases, 176; 84 Ill., 483; 43 Id., 338; 27 N. W. Rep., 305; 83 Ill., 204; 15 N. Y., 432; 55 Penn. St., 499. These enunciate the true rule.

*Palmer & Nichols*, for appellee.

The declarations of deceased to Dr. Youmans were admissible as part of the *res gestae*.  57 Mo., 93; 8 Wall., 397; 3 Cush., 181; 48 Ark., 333; Whart. Ev., secs. 268-9 and 1102; Wood's Pr. Ev., sec. 147, and notes; Ib., secs. 153, 155; 1 Head, 373; 17 Ala., 618.

There is no doubt as to admissibility of the testimony of Cage and the mortality tables.  2 Rorer R. R., 1099, 1168, 1176; 1 Gr. Ev., sec. 440, and notes; 1 Redf. Rys., 554-5; Wood's Ry. Law, sec. 228; 3 Bush., 667.

The instructions embodied the law.  33 Ark., 350; 39 Id., 491, 511; 39 Iowa, 237; 2 Rorer on R. R., 1167; 3 Wood Ry. Law, sec. 414.

Fordyce v. McCants.

Damages not excessive. 39 Iowa, 247; 44 Ark., 258.

There was sufficient evidence to sustain the verdict, Mansf. Dig., sec. 5162; 68 Tex., 370; 41 Ark., 342; 48 Id., 344; Mansf. Dig., secs. 5225-6.

SANDELS, J.

The appellee, as administrator of the estate of R. Lee Connor, deceased, sued appellant Fordyce as receiver of the Texas and St. Louis Railway Company, to recover damages for the killing of his decedent. It was alleged that deceased was a passenger upon said railway, and that by reason of the negligence, etc., of defendant's servants, the car in which deceased sat was thrown from the track, whereby deceased was killed. Defendant denied that deceased was killed by reason of said car being thrown from the track. It is alleged that the deceased left him surviving his father, L. D. Connor, his sole heir at law, who had suffered pecuniary loss and damage from the death of his son. While there is a singular absence of proof identifying the time, place and circumstance of the accident, it *does* appear that plaintiff, on September 25, 1885, found deceased lying about sixty yards from where there had been a wreck on a railroad, suffering much. That he caused him to be carried to his (plaintiff's) house, and sent for a physician. That the doctor, after driving some twelve or thirteen miles, arrived at McCants' house and saw deceased about 7 o'clock p. m. Deceased complained of pain in the stomach and was vomiting blood. He died seven or eight hours after the doctor arrived. The court permitted the physician, Youmans, against the objection of the defendant, to testify to the contents of the telegram received by him from McCants; that Connor had been injured; that there had been an accident on the railroad, and that he had been seriously hurt and required the wit-

Fordyce v. McCants.

ness's assistance; and, further, to the statements made to him (Youmans) by Connor, after his arrival at McCants' house. That he (Connor) had been thrown heavily across the corner of a seat, and so received the injury. Deceased was an adult, 22 years of age and unmarried. The action was for the benefit of his father. There was verdict and judgment against defendant for six thousand dollars and he appealed.

The appellant, among other causes for new trial assigns as error: The admission of the testimony of witness, Youmans, as to the contents of the telegram and the statements of the deceased to him as to the cause and manner of the injury; and also the giving of instructions prayed by plaintiff and that prepared by the court.

1. The contents of the telegram were hearsay and the statements of Connor to the witness were not part of the *res gestae*. It was error to admit them. It does not follow in all cases that a reversal should ensue because improper testimony has gone to the jury. In this case, however, there is not, beyond the statements of Connor to Dr. Youmans, a scintilla of *direct proof*, and very little *circumstantial*, from which to conclude that deceased received his injuries by reason of the car being thrown from the track. And while, in the absence of this testimony, this court might sustain a verdict upon the other facts proved, it cannot measure the cogency of this statement with the jury, and think the admission of Connor's statement manifestly prejudicial to the defendant.

*1. EVIDENCE: Hearsay: Res gestae.*

*2. Reversible error.*

2. Lord Campbell's act, 9 and 10 Vict., ch. 93, has been substantially re-enacted in many of the American States; and to obviate the difficulties which early beset the construction of that act, as to the character of the loss for which a

Vol. LI.—33.

recovery might be had, and as to the principle upon which an action was maintainable, many legislatures provide that the damages shall be *compensation*, with reference to the pecuniary injuries resulting to the wife or next of kin of such deceased, from the death. It is so provided in this State. Mansf. Dig., secs. 5223, 5226. The liability of carriers, particularly under similar statutes, has been so stubbornly contested in the various States that every imaginable phase of the law has been somewhere and at sometime presented. And upon a thorough examination of the authorities it is a matter of no little concern that we find the opinions of the courts as divergent and unsatisfactory as the verdicts of the juries upon which they passed. The chief difficulty seems to lie in their failure to recognize the impossibility of laying down a fixed rule by which damages are to be measured in all cases.

Some courts say that the earnings of the deceased during his or her expectancy of life, less necessary expenses, should be the measure of damages. Others say that sums proportioned to those habitually given, the value of assistance habitually rendered, or amounts promised, which reaonably may be expected to be paid, should be the measure. While others despairing, apparently, of a satisfactory formulation of a rule, say to the jury: "It would perhaps be a fair way to estimate the amount of damages, to take the probable amount of his (deceased's) accumulation for the time he might reasonably have been expected to live, and find *that* for the plaintiff; *but if you can find a better rule, you are at liberty to adopt it.*" *Penn. R. R. Co. v. McCloskey*, 23 Penn. St., 526.

There may be great differences between the pecuniary loss sustained by different persons who are next of kin.

Fordyce v. McCants.

The pecuniary loss to a child of tender years, arising from the death of its father, is different from its pecuniary loss upon the death of the mother. In the latter case the care, moral, intellectual and physical culture bestowed by a mother have been held to have a pecuniary value. *McIntyre v. N. Y. Cent. R. R. Co.*, 37 N. Y. Rep., 287. The loss of a husband produces still a different pecuniary injury to the wife; while the loss of an adult son to a father, as in this case, involves other elements of damage. By the fourth instruction given to the jury in this case they were told that the measure of damages was the probable earnings of deceased during his expectancy of life, less his expenses, taking into consideration his age, business capacity, habits, health and energy. How do we arrive at expectancy of life of deceased? Properly by tables compiled from mortuary reports. The expectancy of life of deceased was shown to be 42 years. By the same table the expectancy of life of his father, for whose benefit this suit is prosecuted, is 14 years. The vice of the instruction becomes apparent when we reflect that there is recovered by the father as a pecuniary loss to himself, the accumulations of the son for a period of twenty-eight years, after he (the father) is presumed to have died. In this case the plaintiff can recover substantial damages for the father of deceased, only by showing that deceased gave assistance to his father—contributed money to his support, or that the father had a reasonable expectation of pecuniary benefit from the continued life of the son; the reasonable character of this expection to appear from the facts in proof. These should furnish the measure of damages. In the absence of such proof only nominal damages can be recovered. Pierce on Railroads, pp. 393 to 399, and cases cited; 3 Hulstone and Norman, (Exchequer) 211;

3. DAMAGES: To father from death of son.

4. SAME.

*Dalton v. S. E. Ry. Co.*, 4 C. B. N. S., 296; 4 Jur. N. S.,
711; *Penn. R. R. Co. v. Brooks*, 37 Penn. St., 339; *Little
Rock & Fort Smith Ry. v. Townsend*, 41 Ark., 382, and
many other cases.    For the errors indicated let the judgment
be reversed and the cause remanded for further proceedings.