Jacksonville Electric Co. v. Bowden.—Syllabus.

---

JACKSONVILLE ELECTRIC COMPANY, *Plaintiff in Error*, v. WALLACE G. BOWDEN, AS ADMINISTRATOR OF THE ESTATE OF REUBEN BOWDEN, DECEASED, *Defendant in Error*.

1. The statute making a corporation liable for the death of a person caused by the wrongful act, negligence, carelessness or default of the corporation or its agent, and providing that if there be no widow or husband, or minor `child or dependents, "then the action may be maintained by the executor or administrator, as the case may be, of the person so killed; and in every such action, the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed," should be given some effect consistent with its legal meaning and the purposes designed to be accomplished by its enactment, to-wit: compensation for the death of the person killed. When an administrator brings an action under the statute his rights and duties when not expressed in the statute are to be determined by the law regulating the rights and duties of an administrator.

2. When an administrator has a right of action under the statute imposing a liability for the wrongful death of a person he may recover the value at the decedent's death of the prospective

earnings and savings that from the evidence could reasonably have been expected but for the death of the decedent.

3. In the nature of things an exact and uniform rule for measuring the value of the life of a deceased person to designated beneficiaries or to his estate is not practicable if possible. The elements which enter into the value of a life to the estate of a deceased person are so various and contingent that they must be left under proper instructions from the court to the determination of the jury based on proper testimony applicable to the particular case. The jury have no arbitrary discretion, but among other proper elements they may consider evidence as to the age, probable duration of life, habits of industry, means, business, earnings, health and skill of the deceased, and his reasonable future expectations. (Taylor and Hocker, JJ., dissent.)

This case was decided by the court *En Banc.*

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*John E. Hartridge, Kay, Doggett & Smith,* for plaintiff in error;

*Bryan & Bryan,* for defendant in error.

WHITFIELD, J.—Wallace G. Bowden, as administrator of the estate of Reuben Bowden, deceased, brought an action against the Jacksonville Electric Company in the circuit court of Duval county, to recover damages for the alleged wrongful killing of plaintiff's intestate by the negligent operation of the defendant's electric street cars. The declaration contained five counts alleging different phases of negligence, each count alleging that the deceased left surviving him neither widow, nor minor child, nor any one dependent on him for a support.

The defndant pleaded the general issue, and that the death of the plaintiff's intestate was caused solely by his own negligence.

A demurrer to the evidence interposed by the defendant was overruled. The jury returned a verdict for $1,000, for which judgment was entered, and from this judgment the defendant seeks relief here by writ of error.

At the trial the court gave the following charge which was duly excepted to by the defendant electric company and is assigned as error: "If you find for the plaintiff it is your duty in assessing the damages to award plaintiff such sum as you find from the evidence, the deceased, Reuben Bowden, would have accumulated during his natural life, taking into account his age, habits, health, mental and physical capacity and ability, his probable life expectancy, his probable net earnings, after he would have reached the age of twenty one years. The sum total of all these elements to be reduced to a money value and its present worth be given as damages."

Counsel for the plaintiff in error state in their brief that the question presented on this writ of error is: "What is the measure of damages under the statutes of this state in a suit by an administrator to recover damages for the death of his intestate." And in arguing that the charge above quoted is erroneous it is asserted in the brief that: "if the charge states correctly the measure of damages in a suit of this character, this judgment should be affirmed."

It is contended that the charge is erroneous because under the peculiar provisions of the statute of this state, the recovery by an administrator for the death of his decedent by the wrongful act of another should be limited to the debts of the decedent at the time of his death,

funeral expenses and costs of taking out letters of administration by the administrator.

The right of the administrator of the deceased minor to maintain this action has been adjudicated in Bowden v. Jacksonville Electric Co., 51 Fla. 152, 41 South. Rep. 400; and such adjudication is the law of this case on that point. Louisville & Nashville Ry. Co. v. Jones, 50 Fla. 225, 39 South. Rep. 485; Hoodless v. Jernigan, 51 Fla. 211, 41 South. Rep. 194.

The matters to be determined on this writ of error are the nature, beneficiaries and value of the right given by the statute to an administrator to recover damages sustained by such administrator in his representative capacity by reason of the death of his decedent by the wrongful act or default of the defendant corporation.

The common law afforded no right of action to any one for damages resulting from the death of a person by the wrongful act or default of another, and statutes giving such rights should not be extended beyond the meaning of the terms used; yet such statutes are remedial in their nature, and they should, when sufficient for the purpose, be so construed as to afford the remedy clearly designed. See 12 Cyc. 312, and authorities cited; Gootlieb v. North Jersey St. R. Co., 72 N. J. L. (43 Vroom) 480, 63 Atl. Rep. 339; Perham v. Portland Elec. Co., 33 Ore. 451, 53 Pac. Rep. 14, 24 S. C. 72 Am. St. Rep. 730; Lamphear v. Buckingham, 33 Conn. 237; Kearney Electric Co. v. Laughlin, 45 Neb. 390, 63 N. W. Rep. 941; Hayes v. Williams, 17 Colo. 465; Stewart v. B. & O. Ry., 168 U. S. 445, 448, 18 Sup. Ct. Rep. 105; Merkle v. Bennington Tp., 58 Mich. 156, 24 N. W. Rep. 776; Bolinger v. St. Paul & D. R. Co., 36 Minn. 418, 31 N. W. Rep. 856; Haggerty v. Central R. R. Co., 31 N. J. L. 349; Soule v. New York & New Haven R. R. Co., 24 Conn. 575.

Every law should be construed with reference to its subject-matter and the purpose designed to be accomplished by it, and with reference to other laws *in pari materia,* though they contain no reference to each other. Morrison v. McKinnon, 12 Fla. 552; Heirs of Bryan v. Dennis, 4 Fla. 445, text 453; State v. Commissioners of Volusia County, 28 Fla. 793, 10 South. Rep. 14; Ferrari v. Board of Health of Escambia County, 24 Fla. 390, 5 South. Rep. 1; Spencer v. McBride, 14 Fla. 403.

The statute provides that whenever the death of any person in this state shall be caused by the wrongful act, negligence, carelessness or default of another person or a corporation or its agent, and the act, negligence, carelessness or default is such as would, if death had not ensued, have entitled the party injured to maintain an action for damages in respect thereof, then the person or corporation that would have been liable in damages if death had not ensued, shall be liable to an action for damages though the act be a felony. Every such action shall be brought in the name of the widow or husband, and if there be no widow or husband, then in the name of the minor child or children of the deceased, and if there be neither widow or husband nor minor children, then in the name of any person or persons dependent on the person killed for a support; and where there are none of these classes "then the action may be maintained by the executor or administrator, as the case may be, of the person so killed; and in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed." Sections 2342, 2343 Revised Statutes of 1892, sections 3145, 3146 General Statutes of 1906.

Where a person is killed by the wrongful act or

30—Vol. 54

default of an agent of a corporation while acting as such agent, and the person killed could have maintained an action against the corporation for damages resulting from such wrongful act or default if death had not ensued, the statute imposes upon the corporation a liability for the death. If the person so killed leaves no widow or husband, or minor children or dependent, the administrator of such person may, under the statute, maintain an action for such damages as the administrator as such may have sustained by reason of the death of the decedent.

The widow or husband or minor children or dependents as mentioned by the statute do not represent the decedent or the estate of the decedent, as to rights of action of this character; and the right of action given to the widow or husband, minor children or dependents is not a survival of the decedent's right of action to recover for the personal injury, nor is it an asset of the decedent's estate; but it is a primary individual asset or right of action and of recovery belonging to the party to whom it is given, to recover for individual uses the damages such party may have sustained by reason of the death of the decedent.

The evident purpose of the statute is to make the right of recovery it gives in the name of and for the benefit of the widow or husband, minor children and dependents no part of the assets of the decedent's estate. Unless otherwise expressly provided, as is done in the statutes of many of the states where the beneficiaries for whom the administrator is authorized to bring the action are specifically named, the administrator as such can recover only for the benefit of the decedent's estate.

The administrator as the legal representative of the estate sustains no damage by reason of the death of the

decedent, except as the estate he represents sustains such damages. The provision of the statute that, if there be no widow or husband, minor child or dependent, the administrator may maintain an action and recover such damages as the party bringing the action may have sustained by the death of the party killed should be given some effect consistent with its legal meaning. It should be construed and applied with reference to the purpose designed to be accomplished and with reference to the rights and duties of an administrator of a decedent's estate under the law. The objects of the statute is compensation for the death of a person by the wrongful act or default of another. The rights and duties of an administrator under the law are to reduce to his possession all of the personal property assets of his decedent's estate including the value of all rights of action he may have as the representative of the decedent or the estate. The statute fixes the liability of the party whose wrongful act or negligence caused the death, but it does not specifically designate the beneficiaries of the right of action given to the administrator, as is done in the statutes of many of the states. The right of action is given to the administrator as the legal representative of the decedent's estate for the benefit of the estate. If a special beneficiary of the right of action were named in the statute the administrator would recover and apply as directed therein. No such beneficiary is designated and as the right was clearly not given to the administrator personally, it becomes his right and duty to reduce the value of the right of action to possession as an asset of the decedent's estate. The disposition of such assets by the administrator is regulated by law; and the person or corporation against whom the right of recovery exists is not concerned in such disposition.

While an administrator of the decedent's estate owes

a duty to the creditors of the estate, he is not the representative of the creditors any more than he is the representative of all other claimants against the estate. It may become the duty of an administrator to resist the asserted demands of those claiming to be creditors. The fact that the statute does not give the general heirs at law a right of action, and does not make them beneficiaries of the right of action given to others, does not exclude the general heirs at law from any right they may have in the decedent's estate, but it only indicates a purpose not to make their rights in the recovery authorized by the statute independent of the decedent's estate, but to make such rights as they may have under the estate, subject to any superior rights others may have in the decedent's estate. The general heirs at law of a decedent properly receive their rights in the personal property assets of the decedent's estate through the administrator of the estate.

If the right of action given to the administrator is an asset of his decedent's estate, it is the right and duty of the administrator to reduce its value to possession, therefore the value of the right of action is to be determined.

When the estate of a decedent is the beneficiary of a right of action given to the administrator, the value of the right and the authority of the administrator to reduce such value to possession, do not depend upon the existence or non-existence of liabilities of the estate; nor do the right and duty of the administrator depend upon the sufficiency or the insufficiency of the other assets of the estate to pay the debts of the decedent. The statute does not make the right of action or the duty of the administrator so dependent. If a right of action for damages exists as an asset of the estate of a decedent, the party against whom the right of action exists cannot

legally resist payment of the damages, or any part thereof, on the ground that the estate has no liabilities to be paid, or has without such right of action or some portion of it sufficient assets to pay the liabilities. A creditor may have rights of priority over others claiming under an estate, but the creditor's rights are no more enforcible or binding than are the rights of any others to have all the lawful assets of the decedent's estate duly reduced to possession and applied to their claims as far as such assets will go.

If the party injured by the wrongful act or default of another had lived, he would have had a right of action for the injuries he sustained. As death ensued from the wrongful act, and, as a liability for the damages the estate may have sustained by reason of the death is imposed by the statute on the wrong-doer, and a right of action therefor is given to the administrator as such, it is his right and duty to reduce to possession the value of the right so given and to make disposition of it as the law directs.

When the administrator has a right of action under the statute the recovery should be the pecuniary value at the decedent's death of the prospective earnings and savings from the evidence could reasonably have been expected but for the death of the decedent. Louisville & N. R. Co. v. Trammell, 93 Ala. 350, 9 South. Rep. 870.

The widow or husband, minor children, dependents and administrator in the order of priority has or have each for himself or herself the right of action and recovery upon the same basis or measure of right, to-wit, pecuniary compensation, from the person or corporation whose wrongful act or default caused the death of the decedent, for "such damages as the party or parties entitled to sue may have sustained by reason of the death

of the party killed." The nature and extent and the consequent pecuniary amount or value of the damages that each of such parties may have sustained by reason of the death may be different, but the basis or measure of the right given by the statute is the same in every case. The widow or husband, children and dependents take for their own individual benefit. The administrator takes as the representative of the estate of the decedent. The widow or husband, minor children and dependents take a personal benefit without reference to the rights of others; the administrator takes as the representative of and in the right of the estate of the decedent charged by law with the duty to reduce the value of the right to possession and to apply it as the law directs. The law raises no implication or intendment that the right of action and recovery given to the administrator as such by this statute shall be enforced or used to an extent or in a manner different from other personal property assets of the decedent's estate.

In the nature of things an exact and uniform rule for measuring the value of the life of a deceased person to designated beneficiaries or to his estate is not practicable if possible. The elements which enter into the value of a life to the estate of a deceased person are so various and contingent that they must be left under proper instructions from the court to the determination of the jury based on proper testimony applicable to the particular case. The jury have no arbitrary discretion, but among other proper elements they may consider evidence as to the age, probable duration of life, habits of industry, means, business, earnings, health and skill of the deceased, and his reasonable future expectations. See 13 Cyc. 366, and authorities cited; Louisville & N. R. Co. v. Orr, 91 Ala. 548, 8 South. Rep. 360; Tutwiler Coal, Coke & Iron Co. v. Enslen, 129

Ala. 336, 30 South. Rep. 600; Lowe v. Chicago, St. Paul, M. & O. Ry. Co., 89 Iowa, 420, 56 N. W. Rep. 519; Howard v. Delaware & H. Canal Co., 40 Fed. Rep. 195; Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1 25 South. Rep. 338; 7 Current Law 1086.

If the evidence shows the decendent's health, habits or other conditions of life to be such that he had no reasonable future expectations of an estate, the recovery would of course be merely nominal. See North Chicago St. R. C. v. Brodie, 156 Ill. 317, 40 N. E. Rep. 942; Chicago, B. & Q. R. Co. v. Gunderson, 174 Ill. 495, 51 N. E. Rep. 708.

In the cases of Florida Cent. & P. R. Co. v. Sullivan, 120 Fed. Rep. 799, and Callison v. Brake, 129 Fed. Rep. 196, charges similar to those here assigned as error were held to be not reversible error. To the extent that the instructions given in this case may be incomplete, they are not unfavorable to the plaintiff in error; and since a more correct special instruction upon the subject does not appear to have been asked and refused, the plaintiff in error cannot complain here.

As there was evidence to warrant a finding for the plaintiff the demurrer to the evidence was properly overruled. The principles above announced dispose of all the assignments of error that have been argued here.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL and PARKHILL, JJ., concur.

TAYLOR, J., (Dissenting.)—I cannot agree with the majority of the court in this case upon the question of the measure of damages therein.

The trial judge gave to the jury the following instruction on behalf of the plaintiff: "The administrator

under the law represents the estate of the dead man, and in his representative capacity is entitled to recover, if he is entitled to recover under the testimony in this case, such an amount as will be equal to the estate that would be left by the deceased had he lived a natural life, and the amount you judge by taking into consideration his capacity and surroundings, education, health and probable length of life, judged by your common sense every day experience."

"If you find for the plaintiff, it is your duty in assessing the damages to award plaintiff such sum as you find from the evidence the deceased, Reuben Bowden, would have accumulated during his natural life, taking into account his age, habits, health, mental and physical capacity and ability, his probable life expectancy, his probable net earnings after he would have reached the age of twenty-one years. The sum total of all these elements to be reduced to a money value and its present worth be given as damages."

Each of these charges is assigned as error. The court in my judgment erred in giving each and every of these instructions. The suit was instituted under the following provision of our statute authorizing suits for the wrongful or negligent death of a peron: "Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support; and where there is neither of the above classes of persons to sue, then the action may be maintained  by the executor or administrator, as the case may be, of the person so killed; and in every

such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed. Any action instituted under this article by or in behalf of a person or persons under twenty-one years of age shall be brought by and in the name of a next friend." Sec. 3146 Gen. Stats. of 1906.

The clearly expressed design of this statute is to provide *pecuniary compensation* to those, and to those only, who have *lost* or *been deprived of something* by the wrongful death, and this compensation is confined expressly by the statute to those who by it are expressly granted the right to sue. Duval v. Hunt, 34 Fla. 85, 15 South. Rep. 876. The statute gives no right to the *heirs at law generally* to sue or to recover anything, but utterly ignores them, and confines the right to compensation and to recovery, first and exclusively to the surviving husband or wife as the case may be, or, if there be neither husband or wife, then, (second) exclusively to minor child or children, and if there be neither husband, wife or minor child, then, (third) exclusively to those who may be dependent upon the deceased for a support, and, if there be none of the above named persons, then (lastly) an administrator as the personal representative of the deceased is permitted to sue and recover.

What damage, in the language of the statute, has an administrator sustained by reason of the death of the party killed? An administrator is the personal representative of the deceased appointed by the proper court to collect and preserve the assets of the estate, to pay its debts and make distribution of any overplus to those entitled thereto as heirs at law, his first duty being to the creditors of the estate. 18 Cyc. 55 *et seq.* As to this unliquidated and unestablished claim for damages for the negligent or wrongful death of the intestate there

*are no heirs at law* of the intestate, since as before seen
the statute pointedly ignores them in conferring the right
of recovery.    There being no heirs at law entitled to
distribution out of the proceeds of a recovery by an ad-
ministrator in such a case, the only remaining duty due
from such an administrator in such a case is to the
lawful creditors, if any, of his intestate, since they are
presumed to have sustained injury by the untimely death,
if there are not other sufficient assets of the estate to
pay their claims, and it, consequently, becomes the duty
of such administrator as the legal representative of the
deceased to sue for and recover such damages for the
negligent death of his intestate, and such damages only,
as will be sufficient, *together with the other assets of
the estate,* to fully pay its lawful debts, including all
burial expenses and the cost of administration includ-
ing the lawful commissions of the administrator.    The
deceased owed no duty to those who under the general
law of descent became his heirs at law.    They were not
dependent in any wise upon him, and he was under
no sort of obligation, legal or moral, to leave them at
his death an inheritance of any kind, and they are
deprived of no legal right or claim upon him if at his
death he left nothing for them to inherit.    On the other
hand if the deceased owed debts at the time of his
death the legal, as well as moral, obligation rested upon
him to provide for their payment, and his administrator,
standing in his shoes as his legal representative, is like-
wise under obligation, in his place and stead, to collect
from any lawful source sufficient assets to pay such
debts.    The result is that under our statute in such cases,
where an administrator has the right to sue for damages
for the negligent or wrongful death of his intestate, if
there are no debts of the estate to be paid, or if there
are other assets of the estate sufficient fully to pay them,

the damages to be recovered by the administrator can be merely nominal; but if there are debts of the estate and no assets with which to pay them, then the amount of the recovery should be limited by the amount of such debts as well as by the proven probable value of the life of the deceased; and if there are both debts and other assets of the estate, but not sufficient of the latter to fully pay them, then the recovery by the administrator should be limited by the amount of the deficit in the assets to pay the debts as well as by the proven value of the life of the deceased. Our statute in its term stands alone, there being no other statute exactly like it in any of the other states or in England, so that the decisions of the other states are of but little assistance upon the question here involved. It will be found, however, that the following cases bear somewhat upon the question: Coal Co. v. Liimb, 47 Kan. 469; 28 Pac. Rep. 181; North Chicago St. R. Co. v. Brodie, 156 Ill. 317, 40 N. E. Rep. 942; Chicago & North Western R. Y. Co. v. Bayfield, 37 Mich. 205; Chicago & North Western R. R. Co. v. Sweet, Adm'r, 45 Ill. 197; Van Brunt v. Cincinnati, J. & M. R. Co., 78 Mich. 530, 44 N. W. Rep. 321; Falkenan v. Rowland, Adm'r, 3 Am. Neg. Rep. 530; Anderson v. Chicago, B. & Q. R. Co., 35 Neb. 95, 52 N. W. Rep. 840; Fordyce v. McCants, 51 Ark. 509, 11 S. W. Rep. 694; Chicago Bridge & Iron Co. v. La Mantia, 112 Ill. App. 43, holding that the right of recovery for death by wrongful act, being the creature of statute and unknown to the common law, such statutes are subject to a strict construction. Railway Co. v. Lilly, 90 Tenn. 563, 18 S. W. Rep. 243; Dueber v. Northern Pac. Ry. Co., 100 Fed. Rep. 424. I am aware that the federal court of appeals of the 5th circuit in the cases of Florida Cent. & P. R. Co. v. Sullivan, 120 Fed. Rep. 799, and Callison v. Brake, 129 Fed. Rep.

196, has put a different construction upon this statute, but we cannot agree with the conclusions there reached, and in the construction of our own local statute the decisions of the Federal courts, though entitled to due consideration, are not binding upon us. I think that in those cases the court overlooked the leading feature of our statute, that its sole purpose was, not to impose a penalty, but to grant the right to recover *compensation* only to some person or persons *in esse* who had suffered *pecuniary loss* by the death of the deceased, and that its purpose was not for the benefit of the deceased, he being beyond earthly benefit, or of his estate at large, but to relieve those surviving him who had suffered loss in his death. In those cases, too, the court seems not to have had the case of Duval, Receiver, v. Hunt, *supra,* called to its attention in which the question is fully discussed that the purpose of the statute was *compensation* and not punishment.

The statutes of some of the other states require the suit in this class of cases to be instituted by an administrator in every instance for the use and benefit of certain named surviving beneficiaries, and in those states if there are none of such surviving beneficiaries *in esse,* then the recovery by the plaintiff administrator is nominal only. See the Michigan and other cases *supra.* But under our Florida statute the right of an administrator to sue in any such case is expressly dependent upon the *non-existence* of any expressly designated surviving beneficiary of the action, and where an administrator sues here under our statute, he sues, not for the use of any surviving beneficiary, but strictly in his capacity as personal representative of the estate of the deceased, and as such his first and chief duty is to the creditors of such estate, if any; and when he has fulfilled his duty to creditors in such cases, then the damage "that he, in his rep-

resentative capacity, has sustained by the death of his intestate" has been fully satisfied—since he is not authorized by the statute to sue and recover for the benefit of any surviving beneficiary. Heirs at law generally and at large of the deceased are not authorized by the statute to sue for and recover anything by reason of such wrongful or negligent death, and it would be a highly incongruous interpretation to put upon our statute to say that under it such heirs at law generally will be permitted *indirectly through an administrator* to recover in such cases, where they are not permitted by the statute to benefit directly by such an action, and such would be the inevitable result, if an administrator is permitted to sue for and recover the full value of the probable life accumulations of his intestate, regardless of the fact as to whether or not there was any lawful use to which such recovery could be applied by the administrator, such as the satisfaction of debts due by his intestate.

HOCKER, J., (concurring in the dissent of Justice Taylor).—In concurring in the opinion of Justice TAYLOR I feel constrained to add some views of my own with respect to the construction of our statute creating a cause of action for the death of a person by the wrongful act of another (sections 3145 and 3146 General Statutes of 1906). It is admitted that such a cause of action did not exist at common law and is entirely the creation of the statute. The cause of action thus created is not a survival of a right of action which the decedent possessed, but as has been said of Lord CAMPBELL's Act is a new one "new in its species, new in its quality, new in its principle, in every way new, and which can only be brought if there is any person answering the description" of those authorized by the act to sue. Perham v. Portland General Electric Company, 33 Oregon 451, 53 Pac. Rep. 14, 24, 40 L. R. A. 799, and cases cited.

Our statute differs from any other in several particulars. It is the only one I have seen in which the administrator's or executor's right to sue is placed after that of the widow, husband, minor child or children, or a person or persons dependent on the person killed. In some statutes the administrator is authorized to sue for the benefit of the estate, and in such cases he is usually permitted to recover the life value of the decedent, which is held by him for the benefit of all persons interested in the estate. In others, as in Lord CAMPBELL's Act the executor or administrator sues for the benefit of the wife, husband, parent and child, and no one else. In others the wife, husband, parent or child are authorized to sue, but no one else. In fact there are very few of the statutes of the various states that are exactly similar to each other, and none like ours. See the statutes collated in 2 Thompson on Negligence, pp. 1275, 1297 *et seq.;* Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246. Some of the statutes expressly give "exemplary damages," some "punitive damages," and in the absence of such expressions the damages are usually held to be compensatory. Our statute has one limitation which I have not found in any other statute, *viz:* "And in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed." And in this connection it must be noted that our statute does not expressly authorize the executor or administrator to sue *for the benefit of the estate* as is done by those of some states. It must also be noted that our statute does not authorize the executor or administrator to sue for the benefit of the heirs and distributees generally or creditors. Under our law as it stands, therefore, the heir or distributee at the time of decedent's death has no claim against the executor or administrator except for property and

assets which the decedent owned at the time of his death. If the decedent died without property or assets the heirs or distributees have no claim against the executor or administrator, and he owes them nothing. But the claim of a creditor of the decedent is different. The creditor of a decedent had a right to demand his claim of the person killed at the moment of his death, and that right survives against the executor or administrator. The creditor may put his claim into a judgment against the executor or administrator, though the decedent may not have had one cent of property or assets at the time of his death. It is the duty of the executor or administrator to pay this judgment or claim. He can only escape this duty by showing that he has no assets to administer. If he sues for the wrongful death of the decedent he may well say the decedent owed a debt or debts at the time of his death which are claims against me in my representative capacity, and which I shall be unable to pay unless I can recover damages under the statute. He may therefore well say I have in this way been damaged by the wrongful killing of the decedent, because the creditor whom I represented has been damaged to the extent of his debt. But he cannot say that he has been damaged on account of the heir or distributee, because as executor or administrator he owes neither of them anything unless he has assets or property in his hands which the decedent owned at the time of his death. Therefore, in suing under the statute the executor or administrator cannot claim damages, because of the heir or distributee. For the same reasons the executor or administrator cannot claim to sue for the benefit of the state, by reason of its right of escheat, if there are no creditors, heirs or distributees; for the state can

have no right to any property or assets except such as the decedent owned at the time of his death. In addition to the authorities cited by Justice TAYLOR to the effect that statutes such as the one under consideration should be strictly construed, see the following: McDonald v. Pittsburg, C. C. and St. Louis R. Co. 144 Ind. 459, 55 Am. St. Rep. 185; Railroad v. Bean, 94 Tenn. 388.