FLORIDA EAST COAST RAILWAY COMPANY, *Plaintiff in Error*, v. H. W. HAYES, AS ADMINISTRATOR, *Defendant in Error*.

## Opinion Filed Feb. 11, 1914.

1. Under the statute the damages that may be recovered by the administrator of a person for the wrongful death of the

decedent do not include and have no relation to physical or other suffering of the decedent or his relatives, or to the claims of any one for present or future support or solatium. The administrator may recover only the present monetary worth of the decedent's life to an estimated prospective estate to compensate for the estate that the decedent probably would have accumulated to leave at his death.

2. Where a finding of legal liability under the pleadings has substantial basis in competent evidence adduced at the trial, but it is obvious that in determining the amount of the verdict, the jury were not governed by the evidence or the proper charges of the court thereon, or by any reasonable estimates or computations, and the amount awarded is manifestly inadequate or excessive, it is the duty of the court to grant a new trial that the error in the verdict may be remedied and justice administered in due course of law. In proper cases a remittitur may be permitted.

3. In permitting a remittitur of the portion of the judgment for damages regarded as excessive, the court does not substitute its judgment for that of the jury, but merely indicates the amount the court would not pronounce excessive; and the privilege of a remittitur is given to avoid further litigation.

Writ of Error to Circuit Court for Duval County; Daniel A. Simmons, Judge.

*Alex St. Clair-Abrams*, for Plaintiff in Error.

*A. H. & Roswell King*, for Defendant is Error.

PER CURIAM.—This writ of error was taken to a judgment obtained by the administrator of M. S. Hayes, deceased, an infant, in an action brought under Sections 3145 and 3146 of the General Statutes of Florida, to recover for the wrongful death of said infant, "such dama-

ges as the party * * * entitles to sue may have sustained by reason of the death of the party killed."

The assignments of error predicated upon the overruling of a demurrer to the declaration and upon the denial of a motion for a directed verdict in favor of the defendant below, are sufficiently covered by the discussion of similar questions in Florida East Coast Railway v. Hayes, decided at this term.

The declaration alleges actionable negligence and the demurrer thereto was properly overruled. As there is evidence upon which the jury could legally find for the plaintiff, the court correctly refused to give an affirmative charge for the defendant.

The jury returned a verdict of liability against the defendant, and the finding of liability does not appear to be wholly without legal basis in the evidence. It is, therefore, necessary to determine the proper rule for the measure for damages recoverable under the statute in an action brought by an administrator as the legal representative of the estate of a deceased minor, in order to adjudicate the questions presented as to the propriety of the amount of the judgment. The object of the statute giving the right of action is compensation to those who have sustained damages or loss by reason of the death of a person caused by the fault of another. By the terms of the statute giving a right of recovery that did not exist at common law, the administrator of the decedent cannot maintain an action unless the decedent left no husband or wife and no minor child, and no other person dependent on him for support. A husband or wife, a minor child and a dependent person each occupies his or her particular intimate personal relation of dependence during the life expectancy, and by the wrongful death, such husband or wife, minor child or dependent person sustains loss or

damage that is not wholly monetary, but such as is peculiar to the relation that existed, and that is concurrent with the life expectancy. See Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 South. Rep. 338. But the administrator as the legal representative of the decedent's estate can sustain no loss or damage by reason of the wrongful death except the pecuniary value of the life to the prospective estate of the decedent, which damage or loss does not include, and has no relation to physical or other suffering of the decedent or his relatives, or to claims of any one for present or future support or solatium. Such loss or damage to the estate is wholly monetary, and any compensation therefor, after the payment of debts, passes to the decedent's general heirs as of the end of his life expectancy, to compensate for the estate that the decedent probably would have accumulated to leave at his death to such general heirs. Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246; Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 South. Rep. 755; Hively v. Webster County, 117 Iowa 672, 91 N. W. Rep. 1041; McAdory v. Louisville & N. R. Co., 94 Ala. 272, 10 South. Rep. 507. Where the decedent was an infant, the loss or damage to the estate would not begin until after the time he would have become of age, since under the statute the father recovers for the loss of his minor child's service to the adult age, as well as for the mental pain and suffering of the parents caused by the infant's wrongful death. Florida East Coast Railway v. Hayes, *supra*; Sec. 3147 Gen. Stats. of 1906.

Where the infant leaves no husband or wife, and no minor child, and no person dependent on him or her for a support, the administrator of the deceased infant's estate may under the statute maintain an action to recover "such damages" as the estate "may have sustained

by reason of the" wrongful death; and the proper measure
of such damages is the present worth of the decedent's
life to, an estimated prospective estate that he probably
would have earned and saved after becoming of age and
during his life expectancy to be left at his death.  A de-
termination of the proper amount of such damages requires
a consideration of the contingency whether the decedent
probably would have lived to become of age and to some
given time afterwards, as well as an estimate of the value
of the estate he probably would have earned and saved
after he would have become of age and would probably
have left at the end of his life expectancy, and also an es-
timate of the present money value of the decedent's life
to the estimated prospective estate.  In making this de-
termination no exact rule of reasoning or computation is
afforded by law, but the jury have no arbitrary discretion.
The finding should be the result of a fair consideration of
all the matters that should under the circumstances of
the particular case properly enter into the estimate and
computation.  Among other proper elements that may be
considered are the age, mental capacity, habits of life and
industry and thrift, means, business, earnings, health,
probable duration of life skill and environments and rea-
sonable expectations of the decedent.  If the jury find that
the deceased infant probably would have lived to some
given period after he would have become of age, and also
find an estimated value of an estate he probably would
have accumulated and left for distribution among his
heirs at the end of his life expectancy, the present money
value of the decedent's life to his estimated prospective
estate may be ascertained with some degree of accuracy
as a practical or mathematical proposition.  In cases of
this character it is left for the jury in the fair exercise of
a sound discretion in the light of all the information prop-

erly available, to ascertain and fix the probable amount of the damage sustained by the plaintiff, or by those whom he represents, "reserving at all times the authority of the court to guard against manifest injustice by way of excessive estimates." See Jacksonville Electric Co. v. Bowden, 54 Fla.. 461, 45 South. Rep. 755; 15 L. R. A. (N. S.) 451; Andrews v. Chicago, M. & St. P. Ry. Co. 86 Iowa 677, 53 N. W. Rep. 399; Wheelan v. Chicago, M. & St. P. Ry. Co., 85 Iowa 167, 52 N. W. Rep. 119; Walters v. Chicago, R. I. & P. R. Co., 36 Iowa 458; Sherman v. Western Stage Co., 24 Iowa 515; 18 Cyc. 366. The plaintiff has the burden of adducing proper evidence from which the jury may find "such damages as the" decedent's prospective estate "may have sustained by reason of the death." When future expectations are to be compensated by anticipated present recoveries, the plaintiff is entitled to only the present value of such future expectations.

In effect the court instructed the jury if they find for the plaintiff to award such sum as the evidence shows the decedent would probably have accumulated during his life expectancy from his probable earnings after he would have reached the age of 21 years, reduced to a money value, and its present worth to be given as damages; and also that if the decedent and the defendant were both at fault the plaintiff may recover, but the damages should be diminished in proportion to the decedent's fault.

The statute requires the appellate court to review orders denying new trials and to reverse or affirm the judgments of trial courts as may be right, or to give judgment as the court below ought to have given, or as it may appear according to law. Secs. 1693, 1694, 1707 Gen. Stats. of 1906. The Seventh Amendment to the Federal Constitution is not applicable to State Courts, though it "is controlling in the Federal Courts." Slocum v. New York.

Life Ins. Co., 228 U. S. 364, 33 Sup. Ct. Rep. 523. In granting a new trial the court does not invade the right of trial by jury secured by the State Constitution, since a new trial in cases as at common law is by a jury unless it is waived. The purpose of granting a new trial is to correct any errors occurring in the proceedings, including errors in the verdict. Where a finding of legal liability under the pleadings has substantial basis in competent evidence adduced at the trial, but it is obvious that in determining the amount of the verdict, the jury were not governed by the evidence or the proper charges of the court thereon, or by any reasonable estimates or computations, and the amount awarded is mainfestly inadequate or excessive, it is the duty of the court to grant a new trial that the error in the verdict may be remedied and justice administered in due course of law.

The judgment is for $15,000.00 obtained more than five years before the decedent would have obtained his majority had he lived, and he could not have begun to earn an estate until after he became of age, because his services prior to his majority belonged to his father, and the value thereof are recoverable by the father, under the statute. Florida East Coast Ry. v. Hayes, *supra.* The deceased was thirteen years and five months old at his death, May 28, 1911, and there is evidence that he had a life expectancy of 46 years and 3 months; that he was an active boy, with good, industrious habits, and was earning $5.00 a week or more; that when compounded periodically at the legal rate of interest the present value of $1,000.00 due in 40 years is $46.02.

Statistical evidence as to life expectancy and as to the present value of a prospective future estate, is competent; and while such evidence does not control the reasonable discretion of the jury in making proper estimates, it may

tend to show whether the amount of the verdict is reasonable and just. If $46.02 compounded periodically at the legal rate of interest, is the present value of $1,000.00 as of the end of 40 years, a person's life expectancy, then $15,000.00, the amount of the verdict, is equal to over $300,000.00 as of the end of the life expectancy. Even if the present value of $1,000.00 as of the end of 40 years is $100.00 instead of $46.02 as shown by the testimony, $15,000.00 would be equal to at least $150,000.00 at the end of 40 years. Or if the present value of $1,000.00 due in 40 years is $200.00 instead of $46.02, then $15,000.00 would be equal to $75,000.00 at the end of 40 years. If the decedent would probably have lived 10 years from the date of the verdict in 1913, which would have been less than five years after he could have become of age and began to earn an estate, $15,000.00, the amount of the verdict, compounded periodically at the legal rate of interest, would in ten years be equal to at least $30,000.00; or in 20 years to $60,000.00; or in 30 years to $120,000.00; or in 40 years to $240,000.00.

Guided by the evidence and by common knowledge, observation and experience as to estates ordinarily acquired and saved, with nothing shown to the contrary, it cannot reasonably be conjectured that the decedent would probably have accumulated such a large estate as the verdict implies. But it is manifest that the award is grossly excessive, and that the jury did not duly consider the evidence, or the charge of the court thereon, or any reasonable estimates, in making their finding of the damages sustained by the deceased minor child's prospective estate, which, but for his wrongful death, he would probably have earned and saved after becoming of age, to leave at the end of his life expectancy.

It must be assumed from the verdict that the jury

found that the decedent would probably have lived to become of age and for a considerable number of years thereafter; but the amount of the damages awarded has no substantial basis in the evidence or in any reasonable estimates, and is not in accord with the applicable charges of the court. The amount of the verdict is, therefore, not authorized by law.

In the cases cited in support of the contention that the verdict is not excessive, the administrator was authorized to recover for all beneficiaries, including the widow, minor children, dependents or others having a present claim to support from the decedents during their life expectancies, and the decedents had established earning capacities as adult men, while, the decedents being adults, there was no recovery by a parent for loss of services, or for mental pain and suffering because of the death of a minor child, as in the case here. See Florida East Coast Ry. v. Hayes, *supra*.

"To the end of saving vexatious, expensive and prolonged litigation," the defendant in error will be given the privilege of entering a remittitur of the amount considered excessive. In this practice the court is not "substituting its judgment for that of the jury  *  *  for this is not indicating what amount the court would have given, but only such amount as it would not feel at liberty to pronounce excessive." Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714; Florida Cent. & P. R. Co. v. Foxworth, 45 Fla. 278, 34 South. Rep. 270; Savannah, F. & W. Ry. Co. v. Davis, 25 Fla. 917, 7 South. Rep. 29; Florida Southern R. Co. v. Steen, 45 Fla. 313, 34 South. Rep. 571; Florida Cent. & P. R. Co. v. Seymour, 44 Fla. 557, 33 South. Rep. 424; Turner v. Adams, 39 Fla. 86, 21 South. Rep. 575; Arnau v. First Nat. Bank, 36 Fla. 395, 18 South. Rep. 790; Gunning v. Heron, 25 Fla. 846,

6 South. Rep. 855; Florida East Coast R. Co. v. Schumacher, 63 Fla. 137, 57 South. Rep. 603; Lewis v. Meginniss, 30 Fla. 419, 12 South. Rep. 19; Harrell v. Durrence, 9 Fla. 490; Atlantic Coast Line R. Co. v. Pitkin, 64 Fla. 24, 59 South. Rep. 564.

The judgment of the court is that if the defendant in error, within thirty days after the mandate of this court in the cause is filed in the court below, shall enter a remittitur of the sum of $13,000.00 from the judgment as of the date of its rendition in the Circuit Court, that then the residue of such judgment amounting to $2,000.00 shall stand affirmed, othewise the entire judgment of the Circuit Court shall be reversed.

SHACKLEFORD, C. J., AND COCKRELL AND WHITFIELD, J. J., concur.

HOCKER AND TAYLOR, J. J., (concurring in the result.)

While we still adhere to the views expressed in our dissenting opinions in the case of Jacksonville Electric Co. v. Bowden, Admr., 54 Fla. 461, 45 South. Rep. 755, as to the measure of damages to an administrator suing for a death by negligence, yet in order to end vexatious and prolonged litigation we agree to the judgment announced in the opinion of the court. This same plaintiff suing on his own behalf as the father of the deceased recovered a judgment for a large amount against this same defendant for the death of this same child, and we think the litigation should end.