**HERZIG v. SWIFT & CO.**
No. 199.

Circuit Court of Appeals, Second Circuit.
March 15, 1946.

Writ of Certiorari Denied May 20, 1946.
See 66 S.Ct. 1122.

[8] 21 U.S.C.A. § 371(e).
[9] 21 U.S.C.A. § 371(f).
[10] 21 U.S.C.A. § 364.

Before L. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

This appeal is from a judgment for the plaintiff on the verdict of a jury after a trial on the merits upon the remand following our reversal of a former judgment of the District Court for the Eastern District of New York dismissing the complaint. Herzig v. Swift & Co., 2 Cir., 146 F.2d 444.

Relying on diversity as the ground of federal jurisdiction, the plaintiff as administratrix of the estate of Herman Weintraub brought the suit to recover damages under Florida law, F.S.A. § 768.01 et seq., for his death on January 23, 1941 in an automobile accident in Florida alleged to have been caused by the negligence of the driver of a truck owned by the defendant and then being operated in the business of the defendant on a Florida highway about 15 miles south of Jacksonville.

The evidence in behalf of the plaintiff as to the cause of the accident is found in the testimony of a Mrs. Youngs who was driving her automobile, no one but her son five years old being with her, south on the highway which was a straight road for some two miles in each direction from the place of the accident and was about 20 feet wide with an asphalt surface divided at the center by a yellow line. She testified that she was traveling about 30 miles an hour close to the right side of the road in the southbound lane and had been followed for some time by the defendant's truck being driven at about the same speed some 40 feet behind her and somewhat closer to the center line. It was at about half past seven in the morning in clear weather when the defendant's truck pulled up on her left-hand side and across the center line somewhat into the northbound lane in an attempt to overtake and pass her. Before the truck could pass her car but when it had drawn up alongside, it collided with an automobile in the northbound lane being driven by the decedent toward the north. Both that automobile and the truck were overturned by the force of the collision and the decedent was killed. Mrs. Youngs didn't remember having noticed the northbound car approaching until she saw it just before the accident but the circumstances make it clear that the

Morris Kaplan, of New York City, and Herman E. Hoberman, of Brooklyn, N. Y. (Samuel J. Sussman, of Brooklyn, N. Y., of counsel), for plaintiff-appellee.

George J. Stacy, of New York City (George J. Stacy and Joseph Kane, both of New York City, of counsel), for appellant.

automobile must have been in plain sight of the driver of the truck at least as soon as he pulled out to his left to pass Mrs. Youngs' car, if not before. Though there was some conflict in the evidence as to just what happened, the testimony of Mrs. Youngs was enough to take the case to the jury and to justify its finding that the negligence of the defendant's truck driver in trying to pass her car when the road ahead was not sufficiently free from traffic was the cause of the decedent's death. And whether or not the decedent was guilty of contributory negligence was likewise a jury question.

In Herzig v. Swift & Co., supra, we dealt with the permissible proof of damages in this case in reference to the applicable sections of the Florida statute which need not be repeated. The court's charge was in accord with our former decision on that subject.

■■ This decedent left no dependents and the measure of damages for his wrongful death is the difference between the value of his estate at death and what its value would have been had he not been killed, discounted actuarily to present value. Florida East Coast R. v. Hayes, 67 Fla. 101, 64 So. 504, 7 A.L.R. 1310. As was said in Jacksonville Elec. Co. v. Bowden, 54 Fla. 461, 45 So. 755, 758, 15 L.R.A.,N.S., 451: "In the nature of things an exact and uniform rule for measuring the value of the life of a deceased person to designated beneficiaries or to his estate is not practicable, if possible. The elements which enter into the value of a life to the estate of a deceased person are so various and contingent that they must be left, under proper instructions from the court, to the determination of the jury, based on proper testimony applicable to the particular case. The jury have no arbitrary discretion; but among other proper elements they may consider evidence as to the age, probable duration of life, habits of industry, means, business, earnings, health, and skill of the deceased, and his reasonable future expectations."

■ This decedent was forty-three years old and he had a life expectancy of 25.99 years. He was a strong, industrious man regularly engaged in the business of the partnership in which he had an interest and had saved about $2,000 in a comparatively short time. There was, therefore, evidence as to the damages and, though the verdict may have been generous, the amount of the damage sustained was a question of fact not reviewable in this court on appeal. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 484, 485, 53 S.Ct. 252, 77 L.Ed. 439; Pariser v. City of New York, 2 Cir., 146 F.2d 431, 433, 434.

The charge as to contributory negligence may have been erroneous, as first given, but it was corrected in this respect when objection was made and as corrected conformed to Florida law. Shayne v. Saunders, 129 Fla. 355, 176 So. 495.

Nothing else which occurred during the trial to which our attention has been called merits discussion.

Judgment affirmed.