ENGLISH v. UNITED STATES.
No. 14323.

United States Court of Appeals,
Fifth Circuit.

June 5, 1953.

James N. Daniel, Chipley, Fla., for appellant.

George Earl Hoffman, U. S. Atty., Pensacola, Fla., Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for appellee.

Before BORAH, RUSSELL, and STRUM, Circuit Judges.

BORAH, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Northern District of Florida denying plaintiff-appellant a recovery under count two of his complaint.

The complaint was filed under provisions of the Federal Tort Claims Act[1] for damages for the death of plaintiff's minor son, Ralph English, due to the alleged negligence of one of defendant's employees, and is in two counts. In the first count, plaintiff sues individually and on behalf of his wife for damages in the sum of $10,000 for loss of services to their son and for the mental pain and suffering occasioned to them by his death, this claim being based on Section 768.03, Florida Statutes 1941, F.S.A., which permits such recovery by a parent. In the second count, plaintiff sues as administrator of his son's estate for the prospective earnings and savings of said decedent reasonably to be expected, in the sum of $10,000, this claim being based on Sections 768.01 and 768.02, Florida Statutes 1941, F.S.A.[2]

---

1. Act of June 25, 1948, 62 Stat. 933, as amended, U.S.C., Title 28, Sec. 1346(b) and 62 Stat. 983, U.S.C., Title 28, Sec. 2674.

2. "Whenever the death of any person in this state shall be caused by the wrongful act, negligence, carelessness or default of any individual * * * and the act, negligence, carelessness or default, is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action * * * and to recover damages in respect there-

After defendant had answered, the cause came on for trial before the District Judge and a judgment was rendered awarding damages to plaintiff under count one in the sum of $2,500, and denying recovery under count two. This judgment was later amended in respects not material to this appeal. Plaintiff's motion for a new trial on count two was denied and this appeal followed.

In denying plaintiff any recovery on the second count, the District Judge took the position that Section 45.11,[3] Florida Statutes 1941, F.S.A., authorized an administrator to recover the damages suffered by the estate of the deceased that the deceased himself might have received had he lived, and since the decedent was killed instantly and, therefore, sustained no pain and suffering, medical, hospital or other expenses there were no damages which the administrator could recover. And further, that Florida law did not authorize the recovery of the claimed prospective earnings and savings of decedent reasonably to be expected, citing his own decision in the case of Beaven v. Seaboard Air Line Railroad, D.C., 100 F.Supp. 336, as so holding.

■ It is well settled Florida law that, in actions brought under Sections 768.01 and 768.02, F.S.A., by an administrator, in default of any of the prior claimants named thereon, the measure of damages is the present worth of the prospective earnings and savings that from the evidence could reasonably have been expected, but for the death of the decedent; beginning, in the case of a minor, from the date when he would have become of age.[4]

There was no finding nor is it suggested that there survived the deceased any of the persons named in the statute as having a prior right to that of the administrator to sue thereunder. Consequently, unless there is something in the provisions of Section 45.11, F.S.A. which mili-

of, then and in every such case the person or persons who * * * would have been liable in damages if death had not ensued, shall be liable to an action for damages * * * notwithstanding the death of the person injured * * *.

"Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support; and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed. In case of the death of any person solely entitled, or of all the persons jointly entitled to sue, before action brought or before the recovery of a final judgment in action brought by him or them, the right of action or the action as the case may be, shall survive to the person or persons next entitled to sue under this section, and in case of the death of one or more persons jointly entitled to sue before action brought or before the recovery of a final judgment in an action brought by them, the right of action or the action, as the case may be, shall survive to the survivor of such per-

sons so jointly entitled to sue; and in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed; provided, that any person or persons to whom a right of action may survive under the provisions of this act shall recover such damages as by law such person or persons are entitled in their own right to recover, irrespective of the damages recoverable by the person or persons whom he or they may succeed."

3. "All actions for personal injuries shall die with the person, to-wit: Assault and battery, slander, false imprisonment, and malicious prosecution; all other actions shall and may be maintained in the name of the representatives of the deceased."

4. Herzig v. Swift & Company, 2 Cir., 154 F.2d 64; Callison v. Brake, 5 Cir., 129 F. 196; Florida Central & R. R. Company v. Sullivan, 5 Cir., 120 F. 799, 61 L.R.A. 410; Brown v. United States, D.C., 99 F.Supp. 685; International Shoe Company v. Hewitt, 123 Fla. 587, 167 So. 7; Miami Dairy Farms, Inc. v. Tinsley, 115 Fla. 650, 155 So. 850; Florida East Coast R. Company v. Hayes, 67 Fla. 101, 64 So. 504, 7 A.L.R. 1310; Jacksonville Electric Company v. Bowden, 54 Fla. 461, 45 So. 755, 15 L.R.A., N.S., 451.

tates to the contrary it is clear that the denial of recovery under count two was improper.

Section 45.11, F.S.A., is a survival of action statute. Recovery by a personal representative thereunder is for the damage suffered by the *deceased injured person* by reason of the injury inflicted upon him, while Sections 768.01 and 768.02 constitute a wrongful death statute, and recovery by the beneficiaries named therein is for damages suffered by *them,* not the decedent; the injured party being the estate when the administrator is authorized to sue.[5]

Where, as here, the decedent met instant death at the time of the accident there can of course, be no recovery for *his* damages under Section 45.11, F.S.A. However, since there are no claimants having a prior right, the administrator can properly sue under Sections 768.01 and 768.02, F.S.A., for the damages to the *estate,* measured as we have previously indicated. Accordingly we are of opinion that the court below erred in holding as a matter of law that the administrator was not entitled to maintain this action and in entering a final judgment denying recovery under count two. The judgment is therefore reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.

5.   Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213.