[James v. Richmond & Danville Railroad Co.]

92　231
93　185
93　354

92　231
94　273

92　231
129　348

92　231
144　264

# James *v.* Richmond & Danville Railroad Co.

*Action for Damages against Employer, by Administrator of Deceased Employee.*

1. *Measure of damages.*—Under the statute which gives an action against the employer, in favor of the administrator of a deceased employé, whose death was caused by negligence while in the service (Code, §§ 2590-91), only nominal damages can be recovered, when it appears that there are no distributees of the decedent's estate, to whose benefit the recovery will enure; and in other cases, the recovery is limited to the pecuniary loss or injury sustained by the distributees, as determined by the jury from a consideration of the evi-. dence as to the age of the deceased, probable duration of life, habits of industry, means, business, earnings, health, skill, and reasonable future expectations; but nothing can be allowed on account of the physical pain or mental suffering of the deceased, nor as a *solatium* to the distributees. (STONE, C. J., dissenting, held that the same damages should be allowed as in an action by the deceased if his injuries had not resulted in death.)

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by the appellant, Kate James, as the administratrix of Will Roberts, deceased, against the appellee corporation; and sought to recover damages for the killing of plaintiff's intestate, which was alleged to have been caused by the negligence of the defendant. The cause was tried without the intervention of a jury, as authorized by statute, and judgment was rendered for one cent damages. All the facts are sufficiently set forth in the opinion of this court.

The plaintiff brings this appeal, and assigns the judgment of the lower court as error.

BOWMAN & HARSH, for appellant.—The plaintiff is entitled to substantial, and not merely nominal damages.—Code, 1886, § 2591; *C. & W. Railway Co. v. Bradford*, 86 Ala. 574; *L. & N. R. R. Co. v. Orr*, 91 Ala. 548; *Ill. Cen. R. R. Co. v. Barron*, 5 Wallace, 90; *City of Chicago v. Major*, 18 Ill. 349; *Rose v. DesMoines Valley R. R. Co.*, 39 Iowa, 247; 44 Amer. & Eng. R. R. Cases, 458; *Hoppe v. R. R. Co.*, 19 Amer. & Eng. R. R. Cases, 74; *Quin v. Moore*, 15 N. Y. 432.

[James v. Richmond & Danville Railroad Co.]

JAMES WEATHERLY, *contra.*—The lower court, being the judge of the law and the facts, correctly decided that only nominal damages were recoverable.—*Chicago, &c., R. R. Co. v. Swett*, 45 Ill. 197; *Same v. Shanner*, 43 Ill. 338; *Chicago v. Scholien*, 75 Ill. 468; *Railroad Co. v. Weffer*, 33 Kan. 543; *Van Brunt v. Railroad Co.*, 44 N. W. Rep. 321; *Howard v. Canal Co.*, 40 Fed. Rep. 195; *Fordyce v. McCants*, 51 Ark. 509; *Railroad Co. v. Morris*, 26 Ill. 400; *Kessler v. Smith*, 66 N. C. 154; *Demorest v. Little*, 47 N. J. L. 28; *Hucheiss v. Railway Co.*, 46 N. W. Rep. 79; *L. & N. R. R. Co. v. Orr*, 91 Ala. 548.

STONE, C. J.—This case was tried, under the statute, without a jury. The suit was brought by the administratrix of an employé of the defendant railroad company, under sections 2590–91 of the Code of 1886. The *gravamen* of the suit is the negligent killing of plaintiff's intestate, caused by the fall of a trestle, alleged to have been imperfectly constructed, or to have become decayed from age, or worn out with use. There is but little controversy as to the cause or manner of the injury. The complaint was framed under subd. 1 of section 2590, and the testimony, we think, proves the averment that the trestle was defective. The City Court found all the issues in favor of the plaintiff, and we find nothing in the record to cause us to reverse its finding. Judgment was given for the plaintiff for one cent damages, and from that judgment plaintiff prosecutes this appeal. The sole inquiry in this case is, whether the testimony discloses any elements of actual, substantial damages, as contradistinguished from what the law denominates nominal damages.

What is known in England as Lord Campbell's Act—9 and 10 Victoria—was followed on this side of the Atlantic with legislative enactments on the same subject, by many State legislatures. Most of the statutes in America, which go into particulars, enumerate substantially the same descriptions of tort, whether of commission· or of negligent omission, as did Lord Campbell's Act, in declaring the grounds on which this new statutory remedy may be successfully invoked. This has given rise to the phrase, found in many of the reported cases and text books, that statutes in this country are substantial copies of their English predecessor. It has been used by this court.—*M. & M. Railway Co. v. Holborn*, 84 Ala. 133. The remark is true, so far as the several States assume to define the wrongs, for which they provide a mode of redress. That was the question in Holborn's case.

In declaring and defining the persons entitled to the benefit

[James v. Richmond & Danville Railroad Co.]

·of the recovery, in cases in which death ensues from the injury complained of, the English statute has this language: "That every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so ·caused, and shall be brought by and in the name of the executor or administrator of the person deceased; and in every such action the jury may give such damages as they may think proportioned to the injury, resulting from such death, to *the parties respectively for whom and for whose benefit* such action shall be brought." The italics are ours. This statute expressly directs the inquiry of damages, not to the injury, suffering or loss sustained by the deceased in the loss of life, but confines it to the injury suffered by the parties for whose benefit the suit is brought, namely, "the wife, husband, parent, child"·of the ·deceased, as the case may be. This precludes all inquiry of physical or mental suffering, and all compensation therefor. It does more: It denies all right to recover substantial damages, unless there is some person in being, who falls within some of the classes for whose benefit the suit is prosecuted, and who will or may suffer injury from the death of the deceased. *Blake v. Midland Railway Co.*, 18 Q. B. 93. The court, in that case, said, "that the claim for damages must be founded on pecuniary loss, actual or expected, and that mere injury to feelings could not be considered. It is also clear that the damages are not to be given merely in reference to the loss of a legal right, for they are to be distributed among relations only, and not to all individuals sustaining a loss; and, accordingly, the practice has not been to ascertain what benefit could have been enforced by the claimants, had the deceased lived, and give damages limited thereby. If, then, the damages are not to be calculated on either of these principles, nothing remains except that they should be calculated in reference to a reasonable expectation of pecuniary benefit, as of right or otherwise, from the continuance of life."

The statutes of New York, New Jersey, Tennessee, North Carolina, Ohio, Illinois and Michigan have provisions more or less similar to that copied from the English statute. Hence, in rulings upon their statutes, there could properly be no recovery of damages for torts, other than those which inflicted injury on those for whose benefit the statute declared the right of action was conferred.—*Tilley v. Hudson River R. R. Co.*, 44 N. Y. 471; *Telfer v. Northern R. R. Co.*, 30 N. J. Law, 188; *Safford v. Drew*, 3 Duer. 627; *Chicago & R. I. Railroad Co. v. Morris*, 26 Ill. 400; *Ill. Cen. R. R. Co. v. Weldon*, 52 Ill. 290; *City of Chicago v. Scholton*, 75 Ill. 468; *Chicago & N. W. Railway Co. v. Bayfield*, 37 Mich. 205.

Our statute provides that "When a personal injury is received by a servant or employè in the service or business of the master or employer, the master or employer is liable to answer in damages to such servant or employè, as if he were a stranger, and not engaged in such service or employment."—Code, § 2590. "If such injury results in the death of the servant or employè, his personal representative is entitled to maintain an action therefor, and the damages recovered are not subject to the payment of debts or liabilities, but shall be distributed according to the statute of distribution."—Code, § 2591. The right of the administrator "of a stranger, not engaged in such service or employment," to maintain an action, was conferred by act approved February 5, 1872—Sess. Acts. 83—and is now section 2589 of the Code of 1886. The statute which is now section 2590 of the Code was approved February 12, 1885.— Sess. Acts, 115. The provisions of the former statute, as expressed in section 2589 are, that "A personal representative may maintain an action, and recover such damages as the jury may assess, for the wrongful act, omission or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission or negligence, if it had not caused death; . . and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions."

The statutory provisions of many other States on the subject of damages, and who are to be benefitted by the recovery, in suits like the present one, are like ours in all that affects the question we have in hand. Of this class are Pensylvania, Virginia, Georgia, Indiana, Iowa, Wisconsin and Texas. We have not examined as to other States.

Our statute, in my opinion, does not proceed on the idea that the distributees of the damages to be recovered had been deprived of benefits to be derived from the continued life of the victim of the wrongful injury. Hence, it makes no allusion to "injury" to them, "resulting from such death," as the measure, or even a factor, in the damages to be assessed by the jury. The damages to be recovered are assets of decedent's estate, to "be distributed according to the statute of distributions," with the single exception that they "are not subject to the payment of debts or liabilities." The statutory provision is, that the "personal representative may maintain an action, and recover such damages as the jury may assess, for the wrongful act, omission, or negligence." What right,

I ask, have we to add to this statute, and what warrant for saying that the next of kin must be affirmatively shown to have suffered pecuniary injury by his death, and that the amount of the recovery must be measured by the proven injury thus suffered?

Some conflict and confusion on this subject will be found in the adjudged cases and in the text books. May I not inquire if the differing phraseology of the statute not always noted, has not contributed to this seeming conflict? *Penn. R. R. Co. v. McCloskey*, 23 Penn. St. 526; *Same v. Vandever*, 36 *Id.* 298; *Same v. Butler*, 57 *Id.* 335; *Same v. Goodman*, 62 *Id.* 329; *Johnson v. Cleveland & T. R. R. Co.*, 7 Ohio, St. N. S· 336; *Kesler v. Smith*, 66 N. C. 154; *M. & W. R. R. Co. v. Johnson*, 38 Ga. 409; *Rose v. Des Moines Valley R. R. Co.*, 39 Iowa, 246; Cooley on Torts, 262, *et seq.*; 3 Sutherland Dam., 281, *et seq.*; Whitaker's Smith Neg., 43, *et seq.*

I would hold that, under our statute, pecuniary benefit expected to be derived from the continued life of the person injured and slain is not an ingredient or condition in the claim and right of the next of kin, in whose interest the suit is brought, to the recovery of actual, substantial damages.

If I could regard the question as *res integra*, my own opinion is that, under our statute, the same rule and measure of recoverable damages should obtain when death ensues from the injury, as when the party injured escapes death, and sues in his own name. The court, however, does not concur with me in this. It may be further stated, that the rulings of other courts on statutes, not materially unlike ours, do not accord with my own judgment. Following their lead, and conforming to the convictions of my brother judges, we hold that only the estimated, actual money value of the life, based on proven *data*, can be recovered, with no allowance for physical pain or mental anguish suffered by the deceased, or *solatium* to the survivors, on account of the bereavement. It would follow from this that, to authorize recovery of substantial damages, when the suit is by the personal representative, there must be some person or persons filling the relation of next of kin entitled to inherit "according to the statute of distributions." This, however, need not be averred, as the law presumes there would be surviving relations entitled to inherit. The want of them, if found to be the case, would be matter of defense.

The case of *Railroad Company v. Barron*, 5 Wall. 90, was decided at the December term, 1866. Justice Nelson delivering the unanimous opinion of the court. On the subject of damages in such cases it was said: "The statute in respect to this measure of damages seems to have been enacted upon

the idea that, as a general fact, the personal assets of the deceased would take the direction given them by the law, and hence the amount recovered is to be distributed to the wife and next of kin in the proportion provided for in the distribution of personal property left by a person dying intestate. If the person injured had survived and recovered, he would have added so much to his personal estate, which the law, on his death, if intestate, would have passed to his wife and next of kin. In case of his death by the injury, the equivalent is given by a suit in the name of his representative. . . . . The only relation mentioned by the statute to the deceased, essential to the maintenance of the suit, is that of widow, or next of kin. To say they must have a legal claim on him for support, would be an interpolation in the statute, changing the fair import of its terms, and hence not warranted."

As we have said, the measure of recoverable damages, in a case like the present, is the pecuniary injury—the money value—of the life destroyed. As said by Judge Nelson, in *Railroad Co. v. Barron, supra,* "There is difficulty . . in getting at the pecuniary loss with precision or accuracy." Very many courts have wrestled with this problem, and all have found it of difficult solution.—*Penn. Railroad Co. v. McCloskey,* 23 Penn. St. 526; *Same v. Butler,* 57 *Id.* 335; *Same v. Goodman,* 62 *Id.* 329, *Teller v. Northern Railroad Co.,* 30 N. J. Law 188; *Kesler v. Smith,* 66 N. C. 154; *Lyons v. Cleveland & Tol. Railroad Co.,* 7 Ohio St. 336; *Macon & W. Railroad Co. v. Johnson,* 38 Ga. 409; *Chicago & N. W. Railroad Co. v. Bayfield,* 37 Mich. 205; *City of Chicago v. Major,* 18 Ill. 349, *Ill. Cen. Railroad Co. v. Weldon,* 52 Ill. 290; *City of Chicago v. Scholton,* 75 Ill. 468; *C. B. & Q. Railroad Co. v. Harwood,* 80 Ill. 88; *Rose v. Des Moines Val. Railroad Co.,* 39 Iowa 246. In *L. & N. Railroad Co. v. Orr,* 91 Ala. 548; 8 So. Rep. 260, we employed this language: "The jury have no arbitrary discretion to give as damages what they may see proper, without reference to the proper basis from which to estimate them. That the jury may have proper *data* from which a pecuniary compensation may be fixed, it is proper to admit evidence of the age, probable duration of life, habits of industry, means, business, earnings, health, skill of the deceased, reasonable future expectations; and, perhaps, there are other facts which would exert a just influence in determining the pecuniary damage sustained." All this we re-affirm, and add, that net income and habits of economy should enter into the account, as factors—important factors—in the ascertainment of accumulating capacity. This, at last, seems to be the proper standard by which to measure the damages.

[Richmond & Danville Railroad Co. v. Smith.]

The testimony in the record before us furnishes the *data* of which mention is made in the *Orr case.* Deceased was 22 or 23 years old; health good; probable duration of life, 39 or 40 years; occupation, a brakeman on a freight train; could earn, if constantly employed, fifty dollars per month, but actually earned an average of about thirty or thirty-five. No proof of net earnings, or of habits of economy. We are at a loss in determining what his probable accumulations would have been, had he lived, but the same difficulty will be encountered in all similar cases.

We are convinced that plaintiff was entitled to larger damages than she recovered. We are also convinced that, in fixing the damages at one cent, the City Court was misled by some utterances of other courts, if not of this court, as to the proper predicate or basis for assessing damages in a case like this.

The testimony is not full enough to enable us to assess the damages on a satisfactory basis. We will, therefore, remand the cause, that the City Court, upon another trial, may adjust the damages according to the principles declared above.

Reversed and remanded.