[McAdory v. Louisville & Nashville Railroad Co.]

# McAdory *v.* Louisville & Nashville Railroad Co.

*Action for Damages against Employer, by Administrator of Deceased Employe.*

1. *Measure of damages.*—In a statutory action against the employer, by the personal representative of a deceased employé (Code, §§ 2590–91), the recovery enuring to the benefit of the distributees of the decedent's estate, the proper measure of damages is not the aggregate amount of his net earnings during the probable duration of his life, estimated on the basis of his health, ability to labor, habits of sobriety, industry and economy, gross annual earnings and expenditures, but such a sum as, estimated on that basis, and with legal interest added, would aggregate that amount at the probable termination of his life, calculated by the American Mortuary Tables.

2. *Same; case at bar.*—In this case, the plaintiff's intestate being in his twenty-first year when killed, unmarried, healthy, of sober, industrious and economical habits, employed as a switchman on a railroad at a monthly salary of $66.66, and having an expectancy of life for forty years; *held*, that a verdict for $9,395.95 was excessive, and was properly set aside on that ground.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by the personal representative of the estate of W. E. Beavers, deceased, against the defendant corporation, to recover damages for the death of his intestate, which was alleged to have been caused by negligence on the part of the defendant's servants while said intestate was in its employment as a switchman; and was commenced on the 9th September, 1890. Issue being joined on the plea of not guilty, the jury gave plaintiff a verdict for $9,395.95; but the court set aside this verdict, on motion, on the ground that the damages were excessive; and this ruling and judgment is here assigned as error by the plaintiff below.

BOWMAN & HARSH, for appellant.—(1.) The amount of damages was a question for the jury alone, and the court should not interfere with their verdict unless in excess of any amount authorized by any state of facts inferable from the evidence.—Shear. & Redf. Negligence, § 772; *Cobb v. Malone*, 91 Ala. 388; *Ross v. Railway Co.*, 44 Fed. Rep. 44; *Railroad Co. v. Lewis*, 84 Geo. 211; *Barry v. Edmonds*, 116 U. S. 565; 15 Hun, N. Y. 559; 77 N. Y. 388; 92 N. Y. 219; 29 N. Y.

[McAdory v. Louisville & Nashville Railroad Co.]

252; 35 Penn. St. 60; 75 Texas, 67; Hayne on New Trials, § 95; Sedgw. Damages, § 573. (2.) Future expectations, including the reasonable probability of increased earnings, saving capacity, and interest-bearing investments, are to be taken into the account by the jury.—*James v. Railroad Co.*, 92 Ala. 231; *Railroad Co. v. Orr*, 91 Ala. 548; *Railway Co. v. Johnston*, 15 S. W. Rep. 104; 87 Texas, 536; 92 N. Y. 219; 29 Gratt. 431; 24 Md. 271; 44 Fed. Rep. 44. (3.) The damages awarded by the jury are not excessive.—*McDermott v. Railway Co.*, 47 N. W. Rep. 1037; 75 Texas, 67; 24 Md. 271; *Railway Co. v. Geiger*, 13 S. W. Rep. 214; *Railway Co. v. Johnston*, 15 S. W. Rep. 104; 44 Fed. Rep. 44; 36 Ill. App. 93. (4.) If the court should consider the verdict excessive, plaintiff should be allowed to enter a *remittitur*.

HEWITT, WALKER & PORTER, *contra*, cited *Fla. Railway & Nav. Co. v. Webster*, 5 So. Rep. 714; *Parsons v. Pacific Railway Co.*, 94 Mo. 286.

CLOPTON, J.—Under the statute which entitles the personal representative of an employè, whose death is caused by the negligence of the employer, to maintain an action, the measure of recoverable damages established by this court is the money value of the life. The recovery is limited to actual compensation for the pecuniary loss suffered by those entitled to inherit his estate according to the statutes of distribution, allowing nothing for the pain which the deceased may be supposed to have suffered, or as solace to the grief of surviving relations.—*James v. R. & D. R. R. Co.*, 92 Ala. 231. The courts have encountered great difficulty in establishing a clear and definite rule by which the pecuniary loss may be calculated with approximate accuracy, especially when there is no *status* of dependency. In *L. & N. R. R. Co. v. Orr*, 91 Ala. 548 (8 So. Rep. 260), it is said: "That the jury may have proper *data* from which a pecuniary compensation may be fixed, it is proper to admit evidence of the age, probable duration of life, habits of industry, means, business, earnings, health, skill of the deceased, reasonable future expectations; and perhaps there are other facts which should exert a just influence in determining the pecuniary damage sustained." And in *James v. R. & D. R. R. Co.*, *supra*, referring to this enumeration of the proper *data*, the court says: "All this we re-affirm, and add, that net income and habits of economy should enter into the account, as factors—important factors— in the ascertainment of accumulating capacity. This, at last, seems to be the proper standard by which to measure the

damages." These are mentioned as circumstances and considerations to be taken into the account in ascertaining the accumulations of the deceased during the probable continuance of his life, had he not been untimely cut off—as elements of the value of the life destroyed, not the value itself.

In *Penn. R. R. Co. v. Butler*, 57 Pa. St. 335, after stating that the proper measure of damages is the pecuniary loss suffered by the parties entitled to the sum recovered, it is observed: "And that loss is what the deceased would have probably earned by his intellectual or bodily labor in his business or profession during the residue of his life-time, and which would have gone for the benefit of his children, taking into consideration his age, ability and disposition to labor, and his habits of living and expenditure." True, this language is susceptible of the construction, that the sum of the probable future accumulations is the measure of the pecuniary loss suffered by the surviving next of kin; but we do not suppose that the learned justice who rendered the opinion intended to be understood as laying down the rule, that the net earnings during the period of the expectancy of life constitute the absolute measure of the present pecuniary value. In *L. & N. R. R. Co. v. Trammell*, 93 Ala. 350 (9 So. Rep. 870), the employé annually earned $300, all of which he expended in the support of his family, consisting of himself and wife, and the probable duration of his life was about twenty-seven years. The court below gave judgment for $2,500, on the theory, that that sum would annually produce, at the legal rate of interest, a sum equal to the portion of his annual earnings expended in support of the wife—$200 as found by the court. This was held to be wrong, and the judgment excessive, for the reason, that the wife would receive and expend all she would have gotten had her husband lived, and still have, at the end of his probable life-time, the principal of the judgment, which she would not have received at all, but for his death. It is said: "The true measure of damages manifestly is that which gives such sum as, being put to interest, will each year, by taking a part of the principal and adding it to the interest, yield $150.00 (this being the amount which the court ascertained was annually expended in the support of the wife), and so that the whole remaining principal at the end of the twenty-seventh year, added to the interest on this balance for that year, will equal $150.00." The principle of the decision is, that the pecuniary value to the wife, of the husband's life, is that sum which would yield her, during its probable duration, a benefit equal to what she would have derived from its continuance, and no more. In that case,

[McAdory v. Louisville & Nashville Railroad Co.]

there was the relation of dependence, but no net earnings. In these respects, it differs from the present case. When there is dependence, such as wife, or child, and also net earnings, considerations enter into the calculation other than those where no such relation exists, so that the strict rule therein adopted can not be applied; but the principle is analogous.

Whatever may be the inherent difficulty of estimating the pecuniary value of human life, it is important and necessary, in view of the frequent occurrence of cases arising under the statute, that a clear and definite rule be established for the ascertainment, with reasonable certainty, of the pecuniary value of the life destroyed—so clear and definite, if practicable, that juries will be capable of applying it, when the facts of the particular case are shown. The application of any rule will be attended with more or less uncertainty, for, in some respects, the value is speculative. The precise loss can not be calculated with exact accuracy. The net income, which the deceased is earning at the time of his death, might not be continued for any considerable portion of the expected term of life; sickness or accidental injuries may impair the accumulating capacity, and want of employment may diminish his earnings; while, on the other hand, they may be increased as he may acquire skill and ability. Whilst courts and juries are compelled to compute from reasonable probabilities, mere speculations should be discarded. The rule should be so formulated as to give the surviving next of kin full actual compensation for the pecuniary loss suffered by them, and at the same time not unduly oppress the defendant. The present case devolves the duty of endeavoring to formulate a rule to govern in cases where there are net earnings, and no relation of dependence.

As the statute provides, that the damages recovered shall be distributed according to the statutes of distribution, they should be calculated in reference to the reasonable expectation of benefit from the continuance of the life. That benefit is the estate of the person killed, had he survived, consisting of the accumulations by his labor or skill at the termination of expectancy of life, not including any income derived from property, or investments or employment of capital. In computing the pecuniary loss, the first term, or unknown quantity to be ascertained, is the aggregate amount of the net earnings at the end of the expected term of life, estimated on the basis of his health, ability to labor, habits of sobriety, industry and economy, gross annual earnings and expenditures. The sum of such accumulations, however, is not the measure of the pecuniary value of the life, at the time death resulted from

the injury; but merely constitutes the benefit which his distributees would have received at the expiration of the period of probable duration, had he remained living till then. The object of inquiry is the value at the time of death, of the probable future accumulations, had the person not been killed. The rule that the aggregate amount of the net earnings is the measure of recovery gives, *presently*, to the next of kin the entire benefit which they would not have been entitled to, and would not have received, until the expiration of the expected term of life. In this case, the probable duration of life being about forty years, this rule would enable the distributees to realize the entire fruits of the accumulating capacity forty years before they would or could have realized them had he lived—giving the accruing interest on the damages recovered during the whole period of the probable duration of life, in excess of the actual pecuniary loss suffered by them. Considering that the pecuniary value of the life is to be calculated in reference to the reasonable expectation of advantage from its continuation, and that had it continued for the period of probable duration, the distributees would not have received any benefit from its continuance until the termination of that period, a rule fixing the measure of damages at such sum as, with legal interest during the period of the expectancy of life, would produce at its expiration a sum equal to the amount of the net earnings during the same period, seems to be founded on reason and principle, and just to all parties. By this rule, the pecuniary value of the life is approximated with reasonable certainty, ample compensation afforded to the surviving next of kin, and the purposes of the statute fully accomplished. For example: if the probable duration of life be twenty-five years, and the net earnings $7,500, twenty-five hundred dollars, with legal interest added, would produce, at the end of the twenty-fifth year, the aggregate amount of the net earnings; consequently that sum is the pecuniary value of the life, at the time of its destruction, to the distributees. This is substantially the principle on which the measure of damages is fixed in the case of *Houston & T. C. Railway Co.*, 57 Texas, 293, stated as follows: "Perhaps the nearest measure of damages, approximating this reasonable certainty, would be such sum as would purchase an annuity, if such security was in the market, equal to the value of the pecuniary aid which the plaintiff would have derived from the deceased, calculated upon the basis of all the facts and circumstances of the particular case, reasonably accessible in evidence, and including the probable duration of life, as shown by the approved tables."

[Warden v. Louisville & Nashville Railroad Co.]

The evidence shows that plaintiff's intestate was at the time of his death between twenty and twenty-one years of age;, was unmarried, healthy, and of sober, industrious, and economical habits; was receiving $2.20 cents per day as wages,. and his expectancy of life was about forty years. The verdict of the jury was for $9,395.95. We presume that this sum was intended to cover the probable amount of his net earnings, during the expectancy of life. Allowing that he worked every day, including Sundays, and received $2.20 for each day, his. annual gross earnings would have been $803. The annual interest on the amount of the verdict is $751.67, which, added to the principal, would produce at the end of the fortieth year· $39,462.75; more than four times the value of the estate which the deceased would have accumulated by his labor had he· lived the forty years—four-fold the actual pecuniary loss suffered by the next of kin. It is obvious that the verdict goes far beyond any just rule of compensation, and is so largely in excess of the pecuniary value of his life to those entitled to· inherit his estate, but who were not dependent on him, as to render it the imperative duty of the court to grant a new trial. *Rose v. DesMoines R. R. Co.*, 39 Iowa, 246, *Chicago & N. W. Railway Co. v. Bayfield*, 37 Mich. 205; *Telfer v. No. R.. R. Co.*, 30 N. J. L. 188.

Affirmed.