A. Y. FULLER, *Plaintiff in Error*, v. F. W. DARNELL, *Defendant in Error*.

Division B.

Opinion Filed September 11, 1930.

*Allison E. Palmer* and *Dickinson & Dickinson*, for Plaintiff in Error;

*Giles & Gurney*, for Defendant in Error.

BUFORD, J.—In this case the original suit was filed by F. W. Darnell and Lola M. Black, as plaintiffs, against A. Y. Fuller, defendant, in which the plaintiffs claimed damages in the sum of $30,000.00 for the wrongful death of their daughter, Mary C. Darnell, whose death was alleged to have been caused by injuries received in an automibile accident wherein the automobile belonging to A. Y. Fuller was alleged to have been driven in a careless and negligent manner so as to collide with an automobile in which Mary C. Darnell was riding.

Later, on motion of the plaintiff, the declaration, praecipe and summons were each amended so as to eliminate the name of Lola M. Black as a party plaintiff, but the declaration as amended claimed damages for the mental pain and anguish suffered by Lola M. Black.

After the pleadings were settled, a trial was had, resulting in a verdict and judgment in favor of the plaintiff in the sum of $7,500.00.

Writ of error was sued out and assignments of error were presented, the same being 118 in number.

The Court will not undertake to dispose of the assignments of error separately.

It appears that the case was conducted in the lower court upon the theory that section 4962 Rev. Gen. Stats., 7049 Comp. Gen. Laws 1927, authorizes the father to sue for mental pain and suffering experienced by both father and mother in any cause where both parents survive the child.

In the instant case the evidence showed that the father and mother had been separated and divorced for a number of years. Under the law, neither had any claim upon the other, and certainly in this case the father sustained no loss or injury which may be recognized by law for the mother's mental pain and suffering that may be redressed in damages; and the legislature could not by mere fiat authorize the recovery for damages which the plaintiff, neither in his personal nor representative capacity has ever sustained.

In Fla. East Coast Ry. Co. v. Hayes, 65 Fla. 1, 60 So. R. 792, Mr. Justice WHITFIELD said:

"A recovery by the father for the mother's mental pain and suffering is contrary to the general principle of law that one person cannot recover for injury to another, unless a representative relation exists between

them. The father sustains no loss or injury recognized by law for the mother's mental pain and suffering that may be redressed in damages, even where their status as husband and wife has not been impaired by death or by the law; and under the statute or other law the father does not represent the mother in maintaining the action. The provision for a recovery by the father in his personal capacity or as the legal representative of the deceased minor child, of damages for the mother's mental pain and suffering appears to be an arbitrary exercise of governmental power that may amount to a denial to the defendant of due process and equal protection of the laws in violation of organic provisions."

During the trial the court gave the following charge:

"In case the jury shall find a verdict in favor of the Plaintiff, they should assess such damages, in his favor, as will fully and fairly compensate him for the loss of the services of his daughter, from the date of her death to the date when she would have attained her majority, and in addition thereto, such sum as the jury may deem to be fair and just, as a compensation for the mental pain and suffering of the father and the mother of Mary C. Darnell, which was occasioned by her death. And in regard to this matter, the Court charges you, that it is not necessary for the plaintiff to prove to you any definite amount of damages; but that the fixing of the damages, in such a case, is for the jury to determine, in the exercise of its sound judgment, in the light of all the facts as shown by the testimony",

which was excepted to.

This charge was erroneous and misleading, first because under the evidence the plaintiff was not entitled to any amount of damages to compensate him for the loss of the services of the deceased, because the uncontradicted evidence showed that there were no services rendered by the deceased to the plaintiff.

In Wilkie v. Roberts, 91 Fla. 1064, 109 So. R. 225, this Court, speaking through Mr. Justice TERRELL, say:

"At the time of the injury complained of, Waller Roberts was ten years old. The plaintiff in his declaration claims compensation for loss of service during minority and for expenses incurred endeavoring to cure the injury. Certain expenses incured by plaintiff endeavoring to cure the injury, aggregating two hundred and eighty-five dollars ($285.00) were proven, but there was not a syllable of evidence introduced from which the jury might form any opinion as to what compensation should be reasonably given for loss of services during his minority. It was not shown for instance that he ever ran an errand, did a chore, performed labor of any kind, or in any other way contributed a dime in money or the briefest season of happiness and comfort to the father, or the father's family. It is true that there was evidence introduced to prove injury to the body and nerves of Waller Roberts, but these injuries were personal to him, for which he has a right of action if caused through carelessness or negligence on the part of defendant or his servant or agent, as we shall presently show, but in a suit by the father to recover compensation for loss of services during minority, and for expenses incurred endeavoring to restore to sound physical condition, such evidence is irrelevant, except it may be shown to what extent injury to body and nerves

affected the earning capacity or ability of the injured to serve his father.''

In the instant case there was no evidence of any loss of earnings or of services of value. The only element of damages upon which the plaintiff was entitled to base recovery was for the pain and suffering experienced by the father because of the death of the minor, if under the evidence the defendant was liable for any damages whatever.

The evidence which was offered to establish the fact that the careless and negligent manner of the operation of the automobile by the daughter of the defendant was the sole proximate cause of the accident is conflicting and unsatisfactory. This alone, however, would not be sufficient ground for reversal, but charge No. 12 on page 116 of the record, in the following language,

"The Court charges you, you should first determine whether or not one of the cars involved in the collision testified about was owned by the defendant A. Y. Fuller, and if so, whether or not such car was being driven by his daughter, Miss Frances Fuller, with his knowledge and consent, or about his business. And if the jury shall find from the testimony that the defendant's car was being driven at the time of the collision by his daughter, Frances Fuller, with his knowledge and consent, or was being driven by her, at his request, about his business, then, in either event, the defendant was liable to the plaintiff for any negligent act or omission of the driver of the defendant's car, which proximately caused or contributed to the injury and death of Mary C. Darnell,''
is misleading and erroneous.

Under this charge the jury was justified in finding a verdict against the defendant, although they may have

believed from the evidence that the plaintiff's daughter, Mary C. Darnell, was guilty of contributory negligence and thereby contributed to the injury and death. The verdict was grossly excessive.

For the reasons stated, the judgment should be reversed and it is so. ordered.

Reversed.

WHITFIELD, P. J., and STRUM., J., concur.

TERRELL, C. J., concurs in the opinion and judgment.