MIAMI DAIRY FARMS, INC., v. CALVIN W. TINSLEY.

164 So. 528.

Opinion Filed November 27, 1935.

*McKay, Dixon & DeJarnette,* for Plaintiff in Error;
*Edward E. Fleming,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of the defendant in error, plaintiff in the court below, for damages sustained by the wrongful death of his minor son. The case was heretofore before this Court. See Miami Dairy Farms, Inc., v. Tinsley, 115 Fla. 164, 154 Sou. 852, in which we said:

"In action by father for death of minor child, damage recoverable is reasonable recompense for parental pain and suffering and value at date of trial of fair compensation for services which in reasonable probability child would have rendered to parents from time of wrongful death until child would have become twenty-one years of age (Comp. Gen. Laws 1927, Sec. 7049)."

On its appearance here at this time it is contended, first, that the judgment is excessive; second, that it is error for the court to instruct the jury that the plaintiff may recover for mental pain and suffering without directing that the jury should consider only such mental pain and suffering as the evidence shows the plaintiff is reasonably certain to endure; third, that the father is not entitled to recover damages for the mother's mental pain and suffering in an action for the wrongful death of the minor.

In F. E. C. Ry. Co. v. Hayes, 66 Fla. 589, 64 Sou. 274, this Court affirmed a judgment in the sum of $12,500.00 in favor of the father for the wrongful death of his minor child.

In the case of Fla. Dairies v. Rogers, opinion rendered January 25, 1935, reported 161 Sou. 85, we affirmed a

judgment in like case for $10,000.00 on condition of remittitur of $3,000.00.

The verdict in the present case was for $12,500.00 and the trial court ordered a remittitur of $4,500.00, which was entered by the plaintiff, leaving a judgment for $8,000.00. We cannot say that the judgment was excessive. The record shows that the boy killed was approximately ten and one-half years old; that he was an energetic, bright and promising child; that he was studious and of a kindly, affectionate disposition. It is impossible for us to say what amount of mere money will compensate the parents for the pain and suffering which is necessarily endured by them because of the wrongful death of such a son. And, therefore, unless the amount awarded by the jury is palpably excessive, we should not set up our own ideas and calculations of the amount of money necessary to compensate for such pain and suffering, if indeed it may be compensated for in money, against the determination of the jury whose province it is under the law to determine that question.

The second contention above mentioned is addressed to certain charges of the court in which the court did not include the instruction that the jury should in assessing damages for mental pain and suffering render such verdict "only for such pain and suffering as plaintiff was reasonably certain to endure." The charge of the court in this regard was as follows:

"The Court further charges the jury that if you find from the evidence that the defendant wrongfully and negligently caused the death of the minor child of the plaintiff, that any damages that directly, naturally and necessarily result from such wrongful act or negligence need not be specially pleaded in the declaration. Mental pain and suffering of the parents that may directly and naturally and necessarily

result from the wrongful death of their minor child and the right of the father to the minor child's services, entitles the father to recover damages for loss of such services, and such mental pain and suffering as may be assessed by the jury."

We think this charge, in the absence of a request for a more definite instruction, was entirely correct when taken and considered with other charges given by the court.

The third contention is that the father is not entitled to recover under the provisions of Section 4962 R. G. S., 7049 C. G. L., for the pain and suffering of the mother in an action by him alone.

In F. E. C. Ry. Co. v. Hayes, *supra,* we said:

"As it cannot be said that the provision of the statute authorizing a recovery by the father of damages for the mental pain and suffering of the mother caused, by the wrongful death of their minor child, is unconstitutional beyond all reasonable doubt, the motion for compulsory amendment of the declaration was properly overruled. It is competent for the Legislature to modify the rules of the common law and to give the mother such a right of recovery; and by empowering the father to recover for the mental pain and suffering of the mother in an action authorized to be brought by him alone for the wrongful death of their minor child, the statute does not deny to the defendant any right or opportunity to interpose any defense applicable to the demand. Nor is the statute wholly arbitrary and unreasonable in authorizing the father to recover damages for the mother in this class of action, not allowed at common law."

In the same case when it was formerly before this Court, 65 Fla. 1, 60 Sou. 792, we had said:

"A recovery by the father for the mother's mental pain and suffering is contrary to the general principle of law

that one person cannot recover for injury to another unless a representative relation exists between them. The father sustains no loss or injury recognized by law for the mother's mental pain and suffering that may be redressed in damages, even where their status as husband and wife has not been impaired by death or by the law; and under the statute or other law the father does not represent the mother in maintaining the action. The provision for a recovery by the father in his personal capacity or as the legal representative of the deceased minor child, of damages for the mother's mental pain and suffering appears to be an arbitrary exercise of governmental power that may amount to a denial to the defendant of the due process and equal protection of the law in violation of organic provisions."

Counsel for plaintiff in error has construed the two holdings as being diametrically opposed one to the other. Such is not the case. The Court did not hold in the opinion in 65 Fla. that the statute was unconstitutional. That was so held only by one member of the Court, the Court being then composed of five members. See headnote. In that part of the opinion above quoted it was said that the provision for the recovery of the father in his personal capacity as the legal representative of the deceased minor child for damages for the mother's mental pain and suffering appears to be an arbitrary exercise of governmental power and may amount to a denial to the defendant of due process and equal protection of the laws in violation of organic provision.

In Fuller v. Darnell, 100 Fla. 772, 129 Sou. 915, the above enunciation was applied. In that case the record showed that at the time of the death of the minor child and at the time the father instituted suit to recover damages for that wrongful death, the mother was not his wife; that

the parents had been divorced and the mother was then the wife of another man and it was held, because of these facts, that the father of the alleged minor child owed no duty to the mother and sustained no loss or injury which may be recognized by law for the mother's mental pain and suffering that may be redressed in damages.

For this reason it was held that the statute could not be constitutionally applied in that case, because the reason for the legal principles supporting the statute did not exist.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.

BROWN, J., dissents in part.

DAVIS, J. (concurring).—Death by wrongful act is a statutory tort for which statutory damages may be, and have been, constitutionally authorized to be recovered against the wrongdoer to be exacted from him in the nature of a penalty for his wrong. To allow one to recover damages for the mental pain and suffering occasioned by the death of a beloved child is not to put a pecuniary valuation on the parent's bereavement alone, because the object of the law providing for liability in cases of this kind is to make the doing of acts likely to wrongfully cause the loss of human life so hazardous to the financial welfare of the wrongdoer that he will be constrained by law to exercise due care in order to avoid the payment of a penalty for his wrongdoing. Were it not for these statutory measures of damages recoverable in cases of this kind, we would have to allow only nominal damages in many cases, thereby making the law itself a subject of ridicule by in effect saying to the tortfeasor, "kill whom you will wrongfully, but confine your killing to children, because by so doing, you can invoke the doctrine of *deminimis lex non curat* as to everything except

nominal damages, as the inability of parents to establish the monetary value of their children's lives when weighed solely by terms of financial loss in dollars and cents alone will be all the defense you will need to assert in most cases."

Modern safety devices would never have been installed by our industrial barons had it not been for our death by wrongful act statutes which impressed them with the idea that ·it would be cheaper to install safeguards to conserve human life, even at the expense of less profits, than it would be to pay in terms of damages what a jury might assess for their neglect to do all reasonably within their power to avoid the occasion of lawsuits at all—take measures for preserving life in advance of its likelihood to be snuffed out.

BROWN, J. (dissenting in part).—I consider the holding here is in conflict with the holding in the case of Fuller v. Darnell, 100 Fla. 773, 129 So. 915, in which case we quoted with approval a paragraph from Chief Justice WHITFIELD'S opinion in Fla. East Coast Ry. Co. v. Hayes, 65 Fla. 1, to the effect that the husband cannot recover for the wife's mental pain and suffering in cases of this kind. See also third headnote in the Fuller v. Darnell case, which I think correctly states the law and should be adhered to.