J. L. COON v. ATLANTIC COAST LINE RAILROAD COMPANY.

171 So. 207
Opinion Filed July 27, 1936.
Rehearing Denied Sept. 15, 1936.
Supplemental Opinion Filed November 18, 1936.

*Altman & Cooper,* for Plaintiff in Error;

*T. Paine Kelly,* for Defendant in Error.

PER CURIAM.—J. M. Coon brought an action at law against the Atlantic Coast Line Railroad Company, under Section 7049 C. G. L., for the wrongful death of Tressor Lee Coon, plaintiff's minor son.

The first count of the amended declaration alleged in substance that the defendant as a common carrier was on May 26, 1933, operating a steam surface railroad over a line of track in Plant City, Hillsborough County, Florida, about one-eighth of a mile east of its station crossing Maryland Avenue; that about 6:20 A. M. on that day Tressor

Lee Coon, plaintiff's minor son, lawfully drove a Model T Ford along Maryland Avenue and onto defendant's track; and that defendant, its agents, servants and employees by their negligent conduct propelled the locomotive against Tressor Lee Coon, resulting in his death.

The second count of the amended declaration alleged in substance that the defendant was negligent in allowing vegetation, weeds, grass and underbrush to grow up to its tracks on the right-of-way, obstructing the view of the railroad; that defendant was negligent in allowing vines to obscure the only sign giving warning to those using this particular street of an approach to the crossing; that defendant was negligent in allowing corn to grow on its right-of-way on both sides of its tracks so that the approaching train was obscured by the corn and a house until Tressor Lee Coon was so close on the train it was impossible to stop and avoid the collision.

The fourth count of the amended declaration alleged that defendant was negligent in failing to give the usual or proper signal of warning.

The fifth count of the amended declaration alleged that defendant operated its train at a dangerous and excessive rate of speed, proximately resulting in the death of Tressor Lee Coon.

The amended third count of the amended declaration alleged that the defendant was negligent in operating its train through the City of Plant City at a rate of speed of 25 to 35 miles per hour, in violation of an ordinance of the city of Plant City requiring trains to pass through the city of Plant City at a rate of speed not greater than ten miles per hour.

To every count of the declaration, the defendant filed the following plea of *puis darrien* continuance:

"1st. That on the 5th day of March, 1934, the said plaintiff, J. M. Coon, suing as Administrator of the Estate of Tressor Lee Coon, deceased, exhibited his action in the Circuit Court for Hillsborough County, Florida, against the Atlantic Coast Line Railroad Company, wherein the said plaintiff in his representative capacity, sued to recover of and from the said defendant, under applicable statutes of the State of Florida, damages for the death of Tressor Lee Coon, which occurred as the result of a collision between a train of the said defendant and an automobile in which the said deceased was riding, which said action was by appropriate proceedings duly removed from the Circuit Court for Hillsborough County, Florida, to the District Court of the United States for the Southern District of Florida, a court of competent jurisdiction. That in the said action instituted by said plaintiff in the capacity of Administrator, the plaintiff alleged acts of negligence on the part of the defendant in the operation of its said train which acts of negligence so charged in the said suit are the identical acts of negligence which the plaintiff in this action has set forth in his declaration, and upon which he relies for recovery of damages against the defendant under and by the same statutes of the State of Florida upon which the former action was predicated. That in the action by the plaintiff, as Administrator, the same acts of negligence were alleged as having caused the injury and the death of the minor son of the said plaintiff in this action, as are alleged in the declaration filed herein and made the basis of this action. That the injury and death suffered by the said minor son of the plaintiff was the same injury and death as is sued for by the plaintiff in this action. That on the 30th day of January, A. D. 1935, the said cause pending in the District Court of the United

States for the Southern District of Florida came on for trial before a jury upon the issue of fact framed by the pleadings and the proof in the said cause, which said issues of fact were identical with the issues of fact framed in this action, and upon trial of said cause in the said District Court of the United States for the Southern District of Florida, a verdict was duly and regularly entered in favor of the defendant and against the plaintiff, in which the jury found the defendant not guilty of the acts of negligence charged in the said cause, and judgment in favor of the defendant and against the plaintiff was on February 5th, 1935, duly and regularly entered, which said judgment so rendered therein against the said plaintiff, as Administrator, is a final adjudication in favor of the defendant herein to the effect that under the facts alleged in the said cause in the District Court of the United States for the Southern District of Florida and in this cause the said defendant is not liable for the injury or injuries as received by the minor son of the said plaintiff, or for the death ensuing therefrom, wherefore this defendant says that the said plaintiff is estopped by judgment to further proceed in or prosecute his said action and prays the judgment of the court that said action shall be dismissed. All of which this defendant is ready to verify."

To this plea *puis darrien* continuance, plaintiff demurred on the following grounds:

"(1) Said plea is insufficient to constitute either a plea in bar or in abatement of the plaintiff's action. (2) It does not appear that the former judgment pleaded in said plea stands unreversed or unappealed or that the time for appealing from said judgment has expired. (3) It affirmatively appears from the face of said plea that the above entitled action is brought by the said J. M. Coon in his per-

sonal capacity and that said action brought in the said Federal Court was brought in the said J. M. Coon's representative capacity. (4) It affirmatively appears that there are distinct injuries from the same tort. (5) No facts sufficient to constitute the defense of *res judicata* are shown. (6) It affirmatively appears that the damages recovered by the plaintiff in this action are for different injuries or wrongs than the damages sought to be recovered by the plaintiff in said Federal Action. (7) It appears that said plea should have been pleaded in abatement instead of bar of plaintiff's action."

The court overruled plaintiff's demurrer to the plea of *puis darrien* continuance; and because plaintiff elected to abide by his demurrer, final judgment upon demurrer was entered in favor of defendant.

From this final judgment plaintiff took writ of error.

The sole question raised by this writ of error is whether or not in an action brought by an administrator for the wrongful death of his minor intestate, judgment rendered therein in favor of defendant is a bar to an action by the father of the deceased infant for the wrongful death of the latter, the father being also the administrator.

Our statute provides that when there is no widow or husband, as the case may be, or minor child or children, or any dependent of deceased, the administrator or executor, as the case may be, of the deceased, may maintain an action for the wrongful death of decedent, Sec. 7048, C. G. L.

Under this section and Section 7047 C. G. L., J. M. Coon brought an action in the circuit court for Hillsborough County to recover for the wrongful death of his minor intestate. The case was transferred to the Federal District Court, and judgment was there rendered in favor of defendant. In the case of Fla. East Coast Ry. Co. v.

Hayes, 67 Fla. 101, 64 Sou. 504, we said in limiting the scope of the action and in laying down the rule as to damages which an administrator may recover under Sec. 7048, C. G. L.

"By the terms of the statute giving a right of recovery that did not exist at common law; the administrator of the decedent cannot maintain an action unless the decedent left no husband or wife and no minor child, and no other person dependent on him for support. A husband or wife, a minor child and a dependent person each occupies his or her particular intimate personal relation of dependence during the life expectancy, and by the wrongful death, such husband or wife, minor child or dependent person sustains loss or damage that is not wholly monetary, but such as is peculiar to the relation that existed, and that is concurrent with the life expectancy. See Fla. Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 South. Rep. 338. But the administrator as the legal representative of the decedent's estate can sustain no loss or damage by reason of the wrongful death except the pecuniary value of the life to the prospective estate of the decedent, which damage or loss does not include, and has no relation to physical or other suffering of the decedent or his relatives, or to claims of anyone for present or future support of solatium. Such loss or damage to the estate is wholly monetary, and any compensation therefor, after the payment of debts, passes to the decedent's general heirs as of the end of his life expectancy, to compensate for the estate that the decedent probably would have accumulated to leave at his death to such general heirs. Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246; Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 South. Rep. 755; Hively v. Webster County, 117 Iowa 672, 91 N. W. Rep. 1021; McAdory v. Louisville & N. R. Co., 94

Ala. 272, 10 South. Rep. 507. Where the decedent was an infant, the loss or damage to the estate would not begin until after the time he would have become of age, since under the statute the father recovers for the loss of his minor child's service to the adult age, as well as for the mental pain and suffering of the parents caused by the infant's wrongful death. Florida East Coast Railway Co. v. Hayes, *supra;* Sec. 3147, Gen. Stats. of 1906."

Our statute also provides that for the death of a minor child, the father of the minor child may recover not only for the loss of services of such minor child, but also for the mental pain and suffering of the parent or both parents, if they survive. Sec. 7049 C. G. L. But, we held in Fuller v. Darnell, 100 Fla. 773, 129 Sou. 915, that the father could not recover for the mother's mental pain and suffering. So the father in this case would be denied that element of damages in the cause of · action begun under Sec. 7049 C. G. L.

These two actions, one by the personal representative and the other by the parent of the deceased infant, are different in nature and both may be maintained, although predicated on the same set of facts.

"The fact that the father may maintain an action as parent and may also maintain another action as administrator does not make the recovery double, since the damages to parents for loss of services of a minor child and for mental pain and suffering because of the wrongful death of their minor child, and the damages recoverable by an administrator of the deceased minor for loss of a probable prospective estate, are for different injuries or wrongs. The parents are heirs in the absence of a consort and lineal descendents; but that right is distinct from the right of parents to the service of their minor child and the statu-

tory right of parents to damages for mental pain and suffering caused by the wrongful death of a minor child." Miami Dairy Farms, Inc., v. Tinsley, 115 Fla. 650, 155 So. 850.

It is clear that an action may be maintained by an administrator for the wrongful death of his minor intestate and a judgment rendered therein in favor of the plaintiff will not be a bar to an action by the father of the deceased minor child for the same wrongful death, even though the father and the administrator are the same person. See Fla. East Coast Ry. Co. v. Hayes, 67 Fla. 101, 64 Sou. 504; Miami Dairy Farms, Inc., v. Tinsley, *supra*. But if the judgment in the case instituted by the administrator had been rendered in favor of defendant, would the rule still be the same?

If the judgment in the case rendered in the Federal Court against the administrator meant that the defendant was not at fault at all and that the minor decedent was solely responsible for his own death, so that if decedent had not been killed, he would have been unable to recover for his injury or injuries, it might be a bar to an action being brought on the same set of facts by the father, though we do not decide that point in this case. But the judgment rendered against the administrator in the case in Federal Court did not have such significance. Since it was an action to recover the pecuniary loss to the estate by reason of the death of the minor, the jury in that case might have found that the railroad company was negligent in causing the death of the decedent, but that decedent, who was eighteen years old at the time of the fatal accident, lived in such an extravagant manner that he would not have accumulated any estate at all at the end of his prospective life; or that decedent was so mentally

deficient that he would not have accumulated any estate at the end of his prospective life; or the jury might have found that the decedent was partly responsible for the fatal accident due to his habits of recklessness and carelessness, and that by reason of such habits, he would not live to reach the age of majority, from which age only the administrator may recover damages; or the jury might have found as a matter of fact that one of those enumerated by the statutes, Sec. 7048 C. G. L., was entitled to bring the action, thereby rendering the administrator without authority to recover.

We cannot say, therefore, as a matter of law, that judgment against the administrator in the Federal Court case would bar institution of an action by the father of the minor son for the latter's wrongful death. See in this connection Spradlin v. Georgia Ry. & Elec. Co. 139, 575, 77 S. E. 799. The allegations of the declaration are sufficient to establish a *prima facie* cause of action.

The demurrer to the plea of *puis darrien* continuance should, under the circumstances, have been sustained. Consequently the judgment below must be reversed.

It is so ordered.

Reversed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, P. J., and DAVIS, J., concur specially.

DAVIS, J. (concurring).—I concur on the ground that the plaintiff was not in his present capacity a party to the Federal court adjudication, therefore the estoppel of that adjudication can only reach him under the exceptional circumstances pointed out in McGregor v. Provident Trust Co., 119 Fla. 718, 162 Sou. Rep. 323, where an estoppel

might arise in some cases against a party not a formal party of record in a prior litigation. But the plea in this case is a pure plea of *res judicata* and as such does not measure up to the exception, above mentioned. Nor does it appear that it can be amended to do so in view of the nature of the case. ·

ELLIS, P. J., concurring.

## SUPPLEMENTAL OPINION

PER CURIAM.—In our opinion written Per Curiam filed herein on July 27, 1936, we used the following language:

"Our statute also provides that for the death of a minor child, the father of the minor child may recover not only for the loss of services of such minor child, but also for the mental pain and suffering of the parent or both parents, if they survive. But, we held in Fuller v. Darnell, 100 Fla. 773, 129 Sou. 915, 74 A. L. R. 1, that the father could not recover for the mother's mental pain and suffering. So the father in this case would be denied that element of damages in the cause of action begun under Section 7049 C. G. L."

And, based upon that language, the first headnote was adopted reading as follows:

"Father bringing suit to recover for wrongful death of minor child may not recover for mother's mental pain and suffering."

· This holding is contrary to the holding of this Court in the case of Miami Dairy Farms, Inc., v. Tinsley, 121 Fla. 774, 164 Sou. 528. There we held:

· "Father could recover for pain and suffering of mother in action instituted by father alone for death of minor child."

In the opinion in the Tinsley case we distinguished it

from the case of Fuller v. Darnell, 100 Fla. 775, 129 Sou. 915.

In the case of Miami Dairy Farms, Inc., v. Tinsley, we upheld the provisions of Section 4962 R. G. S., 7049, C. G. L., upon the theory that where the father maintaining the suit is living with the mother he owes certain obligations to the mother, and the mother and wife owes certain obligations to the husband and father, which are impaired by mental pain and suffering being inflicted upon the mother while that relationship of husband and wife exists and for this reason the law may recognize and provide compensation for loss or injury resulting to the father by reason of the mother's mental pain and suffering.

But, in cases where the relationship of husband and wife has ceased to exist, by reason of divorce as was the case in Fuller v. Darnell, there is no such basis for recovery.

· For the reasons above stated, the former opinion in this case is amended by striking out the above quoted paragraph thereof and the first headnote thereof and supplementing this statement in lieu thereof.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.