Although I concur with the main opinion, I write specially to emphasize the limited nature of its holding. EAPI contends that the jury should not have been permitted to consider the testimony concerning the mental anguish caused by Stephanie's death. I agree. In a wrongful-death action, the mental suffering of family members is not compensable. See James v. Richmond DanvilleR.R., 92 Ala. 231, 9 So. 335 (1890). Moreover, "this Court to date has not recognized emotional distress as a compensable injury or harm in negligence actions outside the context of emotional distress resulting from actual physical injury or, in the absence of physical injury, fear for one's own physical safety." AALAR,Ltd. v. Francis, 716 So.2d 1141, 1148 (Ala. 1998). See Richard N. Pearson, Liability to Bystanders for Negligently InflictedEmotional Harm — A Comment on the Nature of Arbitrary Rules, U.Fla.L.Rev. 477, 489 (1982) (noting that the "zone of danger rule" generally does not permit recovery for fright resulting from threats to the safety of others). However, when the trial court instructed the jury that it could award damages based on "mental anguish arising out of [the Danielses'] own injuries andcircumstances" (emphasis added), EAPI did not object. Accordingly, the trial court correctly determined that there was no basis for finding that the jury's awards were the result of bias, passion, prejudice, or other improper motive.[3]
Therefore, the issue whether compensatory damages are recoverable for mental anguish arising out of a wrongful death is not properly before this Court. See, e.g., General Elec. Credit Corp. v.Alford Assocs., 374 So.2d 1316, 1321 (Ala. 1979).
Maddox, J., concurs.
[3] It follows, then, that the trial court erroneously ordered remittiturs because, as the main opinion correctly points out, a trial court cannot interfere with a jury verdict merely because it believes the jury gave too little or too much. See, e.g.,Williston v. Ard, 611 So.2d 274 (Ala. 1992).